UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>           Plaintiffs,<br><br>     v.<br><br>TUTOR-SALIBA CORPORATION, *et al.*,<br><br>           Defendants.<br>_____/ | No. C-02-5286 CW (EMC)<br><br>**ORDER AFFIRMING ORDER OF SPECIAL MASTER RE PLAINTIFFS' REQUEST FOR EXTENSION OF TIME TO PRODUCE ELECTRONIC DOCUMENTS**<br>**(Docket No. 602)** |

    Plaintiffs have filed an objection to Special Master Justice Hanlon's order of April 14, 2005. *See* Docket No. 578. Pursuant to the order appointing Special Master herein, the scope of review is *de novo*. Having considered the parties' briefs and accompanying submissions, and good cause appearing therefor, the Court hereby AFFIRMS Justice Hanlon's order.

## I.   FACTUAL & PROCEDURAL BACKGROUND

    On March 30, 2005, Justice Hanlon issued an order granting the Tutor Defendants' motion to compel Plaintiffs to produce documents responsive to the Fourth Set of Document Requests. *See* Docket No. 544. Plaintiffs were instructed to "produce all documents both hard copy and electronic documents responsive to the Fourth Request . . . within ten days."

    On April 11, 2005, Plaintiffs sent a letter to Justice Hanlon, asking for a 120-day extension for completion of the production of electronic documents only. *See* Poplawski Decl., Ex. A. Plaintiffs argued that this extension was "reasonable and necessary to permit Plaintiffs to conduct the necessary physical task of restoring and recovering responsive material that is contained on

inaccessible media such as the backup tapes, and to resolve questions regarding those media, such as the optical disks, which Plaintiffs do not possess the means to access and read." The Tutor Defendants opposed the request for an extension. *See* Poplawski Decl., Ex. B.

On April 14, 2005, Justice Hanlon issued an order which stated in part as follows:

> The Special Master has read and considered Plaintiffs' requested extension, the Tutor Defendants' objections thereto and Plaintiffs' reply. The Special Master finds that the matter of the request for an extension was not submitted for decision until the close of business on April 14, 2005, the date of the ordered production. To deny the request for even a brief period would set the plaintiffs for failure to comply with the Order. Therefore, the Special Master finds that good cause exists and there is no showing of prejudice to allow Plaintiffs a period within which to complete their production responsive to Tutor Defendants' Fourth Set of Requests for Production of Documents. Plaintiffs are hereby ordered to comply with the production of documents under the March 30, 2005, Order within 15 days of the entry of this order.

Docket No. 578.

Plaintiffs now object to this April 14 order of Justice Hanlon and ask for an extension of 90 days (instead of 120) to produce electronic documents responsive to the Fourth Set of Document Requests -- *i.e.*, "until July 13, 2005." Obj. at 10.

## II.   DISCUSSION

A.   Tutor Defendants' Request for Judicial Notice

The Tutor Defendants have asked the Court to take judicial notice of various documents filed in this case. Plaintiffs have not objected to the request for judicial notice. Accordingly, the Court takes judicial notice that such documents were filed in the case.

B.   Tutor-Defendants Objections to Declarations Submitted by Plaintiffs

In support of their objections, Plaintiffs submitted two affidavits, one from counsel Kristine Poplawski and another from a senior investigator with the City Attorney's Office Gary Shweid. The Tutor Defendants have made evidentiary objections with respect to both declarations.

First, the Tutor Defendants challenge both of the declarations because they were not submitted to Justice Hanlon for consideration. The Court overrules this objection. Federal Rule of Civil Procedure 53(g)(1) provides that, "[i]n acting on a master's order, report, or recommendations, the court must afford an opportunity to be heard and *may* receive evidence . . . ." Fed. R. Civ. P.

2

1  53(g)(1) (emphasis added).  Here, the Court shall, in the exercise of its discretion, consider the two
2  declarations because they simply flesh out the claims made by Plaintiffs in their April 11 letter to
3  Justice Hanlon.  The Court cautions the parties, however, that they should ordinarily present all
4  necessary evidence in the first instance to Justice Hanlon.

5  Second, the Tutor Defendants argue that both of the declarations are vague and ambiguous
6  because they address only a small portion of the documents and ignore the remainder that should be
7  produced.  The Tutor Defendants also assert that the declarations do not set forth how long Plaintiffs
8  have been working on the production, what efforts they have made to complete the production, and
9  so forth.  The Court overrules both objections.  The objections go to the merits.

10  Third, the Tutor Defendants object to the Shweid declaration because, in the signature line,
11  Plaintiffs simply typed in Mr. Shweid's name even though he is not an attorney with an e-filing
12  number.  The Court shall temporarily overrule this objection and give Plaintiffs an opportunity to
13  provide either a scanned signature or an attestation.  Given that the Shweid declaration was e-filed
14  by an attorney with an e-filing number, *i.e.*, Ms. Poplawski, it is reasonable to assume that Plaintiffs
15  can easily provide an attestation and that the failure to do so was likely an oversight.  Plaintiffs shall
16  have a week from the filing of this order to provide a declaration with either a scanned signature or
17  an attestation.

18  Fourth, the Tutor Defendants object to paragraph 3 of the Shweid declaration because it is
19  based on a legal conclusion.  The Court overrules the objection.  Paragraph 3 is not a legal
20  conclusion.

21  Fifth, the Tutor Defendants object to paragraphs 5, 6, and 7 of the Shweid declaration
22  because they are based on hearsay.  The Tutor Defendants appear to be challenging those parts of
23  the declaration where Mr. Shweid states that he was told of certain facts by another person -- more
24  specifically, that (1) he was told by Ms. Poplawski that the Tutor Defendants were seeking
25  documents created as early as 1995, *see* Shweid Decl. ¶ 5; that (2) he was told by John Payne, IT
26  Director for the Airport, that the Airport possesses some "miscellaneous" back-up takes that have
27  never been restored, *see id.* ¶ 6; and that (3) that he was told -- implicitly by Ms. Poplawski – that
28  there are four servers and one hard drive from which electronic material must be recovered.  *See id.*

¶ 7. The Court overrules the objection to paragraph 5 as moot. It is clear from the face of the Fourth Set of Document Requests that documents dating as far back as 1995 are sought by the Tutor Defendants. The Court also overrules the objection to paragraph 6 as moot. In their letter of April 11 to Justice Hanlon, Plaintiffs represented that there were back-up tapes that had not been recovered and the Tutor Defendants did not challenge that claim. Finally, the Court shall temporarily overrule the objection to paragraph 7. As noted above, implicitly, Mr. Shweid was told of the exact number of servers and hard drives by Ms. Poplawski. Plaintiffs shall be given an opportunity one week from the filing of this order to provide a supplemental declaration from counsel, confirming, based on personal knowledge, the exact number of servers and hard drives. The Court notes that, if a hearing had been conducted on this matter, it would have been satisfied with an oral representation from counsel; a supplemental declaration accomplishes the same.

C.  Plaintiffs' Request for an Extension Until July 13

The Court acknowledges the document requests contained in the Fourth Set are broad, not only in terms of subject matter but also in terms of time.[1] Because electronic documents are sought from the 1990s, it is not surprising that much if not all of that information is on back-up tapes or inactive computer network servers. Information in such formats is not easily retrievable. Similarly, because electronic documents are sought from the 1990s, it is not surprising that Plaintiffs may not have all of the hardware or software to access some of the information.

On the other hand, Plaintiffs have had some six months to produce documents responsive to the Fourth Set. Though some of that time was likely expended for the production of hard copy documents, there should have been more headway on the production of electronic documents. Presumably, Mr. Shweid is not the only resource of Plaintiffs who can retrieve the information from the tapes or servers. Even if Mr. Shweid were the only City resource, Plaintiffs have not demonstrated that they could not hire an outside consultant to assist in the production efforts. As for review of the electronic documents, Plaintiffs have not indicated why additional City attorneys or

---

[1] The Court therefore gives little weight to the Tutor Defendants' allegation (assuming it is true) that Plaintiffs are "co-mingling" documents.

4

legal assistants could not assist in the efforts or, for that matter, outside attorneys or legal assistants from Farella Braun.

Having considered the papers filed in support and in opposition to Plaintiffs' objections to Justice Hanlon's order, the Court agrees with Justice Hanlon's order that lengthy extension is unwarranted. Plaintiffs are hereby ordered to produce the documents at issue within 15 days of date of this Order.

This order disposes of Docket No. 602.

IT IS SO ORDERED.

Dated: May 10, 2005

                                      /s/
EDWARD M. CHEN
United States Magistrate Judge