**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TUTOR-SALIBA CORPORATION, *et al.*, <br><br> Defendants. <br>_____/ | No. C-02-5286 CW (EMC) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING DEFENDANTS' MOTION TO STRIKE; AND REFERRING MOTION FOR RECONSIDERATION TO SPECIAL MASTER** <br> **(Docket Nos. 637, 644)** |

    In an order filed on May 10, 2005, the Court affirmed the ruling of Justice Hanlon and ordered Plaintiffs to produce responsive documents within 15 days, *i.e.*, by May 25, 2005. On May 25, 2005, Plaintiffs filed a document called "report to Court on status of compliance with order re Fourth Request for Production."

    In this report, Plaintiffs explained that, while they had produced some responsive documents, they were not able to finish the production by May 25 as ordered and sought leave to produce the remaining documents by July 15, 2005, and a privilege log by July 25, 2005. Plaintiffs explained, *inter alia*, that: "[W]hile [they] had previously identified and been able to review for production many sources of electronic data before the Court's recent orders were entered, recent efforts by the Airport's IT personnel (who were relatively new to the Airport and unfamiliar with the systems used during construction of the projects at issue), undertaken in direct response to the Court's orders, revealed the existence of a considerable volume of backup tapes and servers that potentially contained responsive materials." Report at 3.

In response to the report, the Tutor Defendants filed a motion to strike. The Tutor Defendants argued, *inter alia*, that the report should be stricken because (1) the extension sought by Plaintiffs has already been denied by both Justice Hanlon and this Court; (2) the report is actually a motion for reconsideration and fails to meet the requirements of Civil Local Rule 7-9; (3) the report is actually an ex parte application and fails to meet the requirements of Civil Local Rule 7-10; (4) the report should have been directed to Justice Hanlon first; (5) the report is another attempt by Plaintiffs to delay this case, which has prejudiced the Tutor Defendants; and (6) the report is a premature opposition to a motion for contempt and sanctions that the Tutor Defendants intend to bring based on Plaintiffs' failure to comply with their discovery oblgiation and orders of the special master and this Court.

The Court agrees with the Tutor Defendants that Plaintiffs' report -- and the request for an extension contained therein -- should be construed as a motion for reconsideration. However, the Court does not agree with the Tutor Defendants that Plaintiffs have failed to meet the requirements of Civil Local Rule 7-9. Civil Local Rule 7-9 provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). It then provides that:

> A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Here, the Court concludes that Plaintiffs have demonstrated that "[t]he emergence of new material facts . . . occurring after the time of [Justice Hanlon and the Court's] order[s]" -- namely, the existence of additional backup tapes and servers that contain potentially responsive material and the devotion of a number of resources to the production effort (*e.g.*, Airport IT staff, City Attorney IT staff, Farella staff, and outside consultants) but still an inability to complete the production as ordered.

Accordingly, the Court hereby GRANTS Plaintiffs' motion for leave to file a motion for reconsideration and DENIES the Tutor Defendants' motion to strike. However, the Court shall, as suggested by the Tutor Defendants, refer the motion for reconsideration to Justice Hanlon for resolution so that he may be given the first opportunity to consider the new facts presented by Plaintiffs.

This order disposes of Docket No. 644.

IT IS SO ORDERED.

Dated: May 31, 2005

EDWARD M. CHEN
United States Magistrate Judge

-3-