UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TUTOR-SALIBA CORPORATION, *et al.*,<br><br>Defendants.<br>_____/ | No. C-02-5286 CW (EMC)<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTION TO APRIL 15, 2005, RULING OF SPECIAL MASTER RE MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENT AND STRIKE SAME FROM RECORD (Docket No. 608)** |

Plaintiffs have filed an objection to the April 15, 2005, ruling of Justice Hanlon, the special master. In that ruling, Justice Hanlon concluded that a document known as the "Cox memorandum" was not protected by the attorney-client privilege and that, even "if portions of the memorandum were found to be of significant legal advise [sic] to bring it within the privilege, . . . there has been a waiver of the privilege." Docket No. 579 (order of J. Hanlon, filed on 4/15/05). Having considered the parties' briefs and accompanying submissions, the Court hereby overrules Plaintiffs' objection.

**I.   DISCUSSION**

At issue is a memorandum, dated April 27, 1999, from Kris A. Cox, Deputy City Attorney, to an employee of the San Francisco International Airport ("SFIA"), namely, Thomas L. Kardos, Deputy Airport Director, Bureau of Design & Construction ("Cox memorandum"). *See* Docket No. 383 (Blonstein Decl., Ex. 33). The memorandum says on its face "<u>ATTORNEY-CLIENT COMMUNICATION, CONFIDENTIAL</u>." Docket No. 383 (Blonstein Decl., Ex. 33). Mr. Kardos had his secretary send a copy of the memorandum to two individuals: Pete Bittenbender, an

employee of the SFIA, and Bruce Swanson, an employee of SFOA Associates ("SFOA"). SFOA was hired by the Airport Commission to be the construction manager for the SFIA expansion program. *See* Docket No. 462 (Baker Decl., Ex. D). According to the Tutor Defendants, someone from SFIA or SFOA subsequently gave a copy of the Cox memorandum to Michael Kerchner, who at the time was the project manager for the Tutor Defendants on 5500.E project for construction of the New International Airport Terminal. According to Mr. Kerchner, he is "95% certain that it was Mr. Swanson who provided this Memorandum to [him]." Docket No. 482 (Kerchner Decl. ¶ 15).

The Tutor Defendants produced to Plaintiffs a copy of the Cox memorandum as part of their production to Plaintiffs in October 2003. Plaintiffs failed at that time to make any contention that the document was privileged.

On June 9, 2004, Plaintiffs themselves actually produced a copy of the Cox memorandum to the Tutor Defendants. *See* Docket No. 462 (Baker Decl., Ex. B).

On September 9, 2004, Plaintiffs provided to the Tutor Defendants a privilege log which listed as one of the privileged documents the Cox memorandum. *See* Pls.' Obj. at 2; *see also* Docket No. 503, Ex. 1 (privilege log).

Several weeks later, on September 29, 2004, the Tutor Defendants filed a motion to compel SFOA to produce the documents over which it was claiming privilege. *See* Docket No. 381. As part of that motion, the Tutor Defendants submitted a copy of the Cox memorandum. *See* Docket No. 383 (Blonstein Decl., Ex. 33).

On October 8, 2004, Plaintiffs sent a letter to the Tutor Defendants, asking them to immediately return on all copies of the Cox memorandum and to destroy notes or memoranda referencing the document. *See* Docket No. 462 (Baker Decl., Ex. B).

On October 28, 2004, the Tutor Defendants identified five people as being "most likely" to have given the Cox memorandum to Mr. Kerchner. *See* Docket No. 462 (Baker Decl., Ex. C). One of those persons was Mr. Swanson.

On February 10, 2005, Plaintiffs filed with Justice Hanlon a motion seeking return of the Cox memorandum and striking the documents from court files. Justice Hanlon denied that motion on April 15, 2005. This is the ruling of which Plaintiffs now seek review.

## II. DISCUSSION

Plaintiffs argue that Justice Hanlon incorrectly concluded that (1) the Cox memorandum was not privileged and that (2) even if portions of the document were privileged, the privilege had been waived. The Tutor Defendants assert otherwise.

However, before discussing the merits of the above issues, the Court addresses first several preliminary matters, namely, (1) whether Plaintiffs' objection to Justice Hanlon's ruling is timely; (2) whether Plaintiffs should be allowed to file a reply brief; and (3) the Tutor Defendants' objections to Plaintiffs' evidence submitted in support of their objection to Justice Hanlon's ruling.

### A. Preliminary Matters

#### 1. Timeliness of Plaintiffs' Objections to Special Master's Ruling

The Court rejects the Tutor Defendants' contention that Plaintiffs' objection was not timely filed. Under the Court's prior order appointing a special master, a party has ten days from the time the special master's ruling is served to object. Here, Justice Hanlon's ruling was served (electronically) on April 15, 2005. Consequently, under Federal Rule of Civil Procedure 6(a), Plaintiffs had until April 29, 2005 to file their objection. *See* Fed. R. Civ. P. 6(a) (noting that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation"). Plaintiffs filed their objection on April 29, 2005. Therefore, the Tutor Defendants' argument is without merit.

#### 2. Plaintiffs' Motion for Leave to File Reply Brief

Under the Court's prior order appointing a special master, a party may object to a ruling of a special master after which the opposing party may file a response to the objection. There is no provision for a reply brief. Here, however, Plaintiffs have moved for leave to file a reply brief. Plaintiffs present two reasons why they seek leave to file a reply brief: (1) because the Tutor Defendants are factually incorrect that Plaintiffs invited Justice Hanlon to do an in camera review of the Cox memorandum and (2) because "the Tutor Defendants have raised a number of legal and factual issues [and] [s]ubmission of a reply brief would assist the Court in evaluating these legal and factual issues." Mot. at 2.

United States District Court
For the Northern District of California

The Tutor Defendants oppose Plaintiffs' motion for leave to file a reply brief. First, the Tutor Defendants argue that the motion should be denied because this is another attempt by Plaintiffs to delay matters. This argument is not persuasive because Plaintiffs have attached to their motion for leave to file a reply brief their proposed reply brief; thus, it is hard to see how there would be any delay if the Court were to grant the motion.

Second, the Tutor Defendants argue that Plaintiffs' motion for leave to file a reply brief is not a miscellaneous administrative request under Civil Local Rule 7-11[1] but rather an ex parte motion under Civil Local Rule 7-10 and, under Civil Local Rule 7-10,

> a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte motion* in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

Civ. L.R. 7-10. The problem with this argument is that Plaintiffs' motion for leave to file a reply brief is not an ex parte motion since the motion was filed *with* notice (electronic) to the Tutor Defendants. Accordingly, Plaintiffs' motion should be considered a miscellaneous administrative request under Civil Local Rule 7-11. Plaintiffs' request to file a reply brief is sufficiently analogous to a motion to exceed a page limit or a motion to file under seal. *See* Civ. L.R. 7-11 ("The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.").

Pursuant to Civil Local Rule 7-11, the Court grants in part and denies in part Plaintiffs' motion to file a reply brief. As a matter of fairness, the motion is granted to the extent Plaintiffs contend that the Tutor Defendants have mischaracterized the facts as to whether Plaintiffs wanted in camera review of the Cox memorandum. Plaintiffs should be allowed to direct the Court to

---

[1] In their motion for leave to file a reply brief, Plaintiffs actually cite former Civil Local Rule 7-10(b), which used to govern miscellaneous administrative requests.

4

evidence that they believe shows they did not want in camera review of the document. However, the motion is denied to the extent Plaintiffs want to make additional legal argument on whether the Cox memorandum is privileged and whether there has been a waiver of the privilege. Plaintiffs' only justification is that "[s]ubmission of a reply brief would assist the Court in evaluating these legal and factual issues." Mot. at 2. However, if that generous standard were applied, then there would never be a reason to reject a reply brief or, for that matter, any additional or supplemental briefing.

The Court acknowledges that the Tutor Defendants have made evidentiary objections to the Baker declaration (Docket No. 628) which addresses the alleged mischaracterization of the facts by the Tutor Defendants. In the declaration, Mr. Baker states that he did not ask Justice Hanlon to conduct an in camera review of the Cox memorandum. According to the Tutor Defendants, this statement is hearsay; further, it violates the best evidence rule because the best evidence is "the actual recording before the Special Master which was submitted to the Court by the Tutor Defendants." Defs.' Evid. Obj. at 1. The objections are overruled as moot. Mr. Baker's declaration was intended to refute Mr. Romyn's declaration which stated that "[Mr. Baker] wanted [the] document to be reviewed to determine that it was legal advice, not business advice. He stated 'look at the document.'" Docket No. 621 (Romyn Decl. ¶ 3). Mr. Baker stated in his declaration: "[Mr. Romyn] admitted the 'if' from my statement regarding 'look at the document.' At the hearing, I stated 'If the Court were to look at the document . . . .'" Docket No. 628 (Baker Decl. ¶ 3). The Tutor Defendants' evidentiary objections basically concede that the "if" was omitted. *See* Defs.' Evid. Obj. at 1-2 (quoting from tape of hearing before Justice Hanlon; all quotes contain word "if").

3.   Tutor Defendants' Objections to Plaintiffs' Evidence

Finally, the Tutor Defendants object to the evidence submitted by Plaintiffs in support of their objection to Justice Hanlon's ruling of April 15, 2005. More specifically, the Tutor Defendants object to two declarations -- of Mr. Cox and of Gretchen Nicholson, another Deputy City Attorney -- because these declarations were *not* submitted for consideration by Justice Hanlon as part of Plaintiffs' motion before him. *See* Docket No. 592 (Nicholson Decl.); Docket No. 593 (Cox Decl.).

The Tutor Defendants are correct -- and Plaintiffs do not dispute -- that the Cox and Nicholson declarations were not given to Justice Hanlon prior to his ruling on Plaintiffs' motion to

5

compel the return of the Cox memorandum and strike the same from the record. These declarations were prepared shortly after the April 15, 2005, ruling of Justice Hanlon and submitted to him in conjunction with Plaintiffs' opposition to the Tutor Defendants' motion to compel SFOA to produce the documents over which it was claiming privilege.

As the Court has previously ruled in this case (on another objection filed by Plaintiffs to one of Justice Hanlon's rulings), Federal Rule of Civil Procedure 53(g) does permit the Court to receive evidence in acting on a special master's ruling. *See* Fed. R. Civ. P. 53(g) ("In acting on a master's order, report, or recommendations, the court must afford an opportunity to be heard and may receive evidence . . . ."). Here, the Court exercises its discretion and shall *not* consider either declaration. These declarations do not just "flesh out" -- as Plaintiffs claim -- the previous declarations submitted to Justice Hanlon for consideration.

B.   <u>Applicability of Privilege and Waiver of Privilege</u>

As noted above, in their objection, Plaintiffs argue that the Cox memorandum is protected by the attorney-client privilege and that the privilege was never waived. The Court need not address the first issue -- *i.e.*, whether the Cox memorandum is privileged -- because, even if it were, the Court finds that Plaintiffs waived the privilege. More specifically, the Court concludes that there was an implied waiver because Plaintiffs failed to take reasonable measures or prompt action to preserve the privileged nature of the document.[2]

As noted above, the Tutor Defendants produced the Cox memorandum to Plaintiffs in October 2003 but it was not until September 2004 that Plaintiffs identified the document as privileged on their privilege log and, even then, Plaintiffs did not claim that the Tutor Defendants had improperly included the Cox memorandum as part of the October 2003 production.[3] Plaintiffs

---

[2] These are the first, and often most important, two factors of the test for inadvertent production of privileged documents as stated in *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 332 (N.D. Cal. 1985) (stating that, in determining whether an inadvertent disclosure gives rise to a waiver, a court should consider the following factors: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness).

[3] Instead, as noted above, Plaintiffs did not object to the Tutor Defendants' possession of the Cox memorandum until October 2004, shortly after the Tutor Defendants attached the document as an exhibit in support of a motion to compel.

6

assert that they should not be blamed for their failure to call out the privileged nature of the document because the October 2003 production was substantial. However, even accepting this as true, it does not explain why, for over the course of a year, Plaintiffs failed to alert the Tutor Defendants that the document was privileged, especially when the document was labeled on its face a confidential attorney-client communication. Plaintiffs counter that the Tutor Defendants should have alerted Plaintiffs about the document -- *i.e.*, that the Tutor Defendants had obligation to notify Plaintiffs about the Cox memorandum both as an ethical matter and pursuant to an agreement between the parties. *See United States v. TRW, Inc.*, 204 F.R.D. 170, 183 n.17 (C.D. Cal. 2001) ("When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender . . . ."); Docket No. 165 (stipulation and order of confidentiality, filed on 10/22/03) (providing, under Article 9(e), that "[n]othing in this Order absolves any Party or its counsel from any ethical obligation it or counsel may have upon determining that the Party or its counsel has received any privileged materials or communications that are inadvertently sent to the party or its counsel"). However, the Tutor Defendants' reason for not doing so was not without basis; that is, the Tutor Defendants believed that the document was not privileged because it had been given to Mr. Kerchner by someone from SFIA or SFOA.

The Court further finds that Plaintiffs failed to take reasonable measures or prompt action to preserve the privileged nature of the document because they actually produced the document to the Tutor Defendants in June 2004 as part of Plaintiffs' own production but failed to make any assertion of privilege until months later in September 2004. Again, Plaintiffs fail to explain the delay given that the document was on its face marked as a confidential attorney-client communication.

The Court notes that its decision here makes no conclusions regarding the Tutor Defendants' argument of express waiver; nor does it make any conclusions regarding the Tutor Defendants' argument that Plaintiffs impliedly waived the privilege over the Cox memorandum by inadvertently

7

giving the document to Mr. Kerchner or as a matter of fairness under the *Hearn* standard. *See Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975); *see also United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (approving of *Hearn* test).

### III. CONCLUSION

For the foregoing reasons, the Court overrules Plaintiffs' objection to Justice Hanlon's ruling of April 15, 2005 (Docket No. 608). The Court also: (1) grants the Tutor Defendants' unopposed request for judicial notice (Docket No. 622); (2) sustains the Tutor Defendants' evidentiary objections regarding Plaintiffs' objection to the special master's ruling (Docket No. 623); (3) grants in part and denies in part Plaintiffs' motion for leave to file reply brief (Docket No. 629); and (4) overrules the Tutor Defendants' evidentiary objections to Plaintiffs' motion for leave to file reply brief (Docket No. 633).

This order disposes of Docket Nos. 608, 622, 623, 629, and 633.

IT IS SO ORDERED.

Dated: June 13, 2005

EDWARD M. CHEN
United States Magistrate Judge