1  Hon. Daniel M. Hanlon
   JAMS Inc.
2  Two Embarcadero Center, Suite 1100
   San Francisco, California 94111
3  (415) 774-2649
   (415) 982-5267 (fax)
4

5

6                **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
7                     **OAKLAND DIVISION**

8

9  CITY AND COUNTY OF SAN FRANCISCO, a )   Case No. C 02 5286 CW (EMC)
   municipal corporation and a political subdivision
10 of the State of California and DENNIS J.          )
   HERRERA, City Attorney for San Francisco, on
11 behalf of the PEOPLE OF THE STATE OF     )      **SPECIAL MASTER'S**
   CALIFORNIA,                                              **RECOMMENDED DISCOVERY PLAN**
12                                                    )
            Plaintiffs,                                     (Docket Nos. 696, 697, 698)
13                                                    )

14          vs.                                        )

15 TUTOR-SALIBA CORPORATION; a California )
   corporation; TUTOR-SALIBA PERINI &        )
16 BUCKLEY, J.V., a California joint venture;
   PERINI CORPORATION, a Massachusetts      )
17 corporation; BUCKLEY & COMPANY INC., a
   Pennsylvania corporation; AMERICAN HOME  )
18 INSURANCE COMPANY, a New York
   corporation; FIDELITY AND DEPOSIT            )
19 COMPANY OF MARYLAND, a Maryland
   corporation; SWISS REINSURANCE               )
20 AMERICA CORPORATION, a New York
   corporation; and THE AETNA CASUALTY      )
21 AND SURETY COMPANY, a Connecticut
   corporation, RONALD TUTOR, an individual.   )
22
            Defendants.                                )
23
                                                      )
   _____
24

25      On July 8, 2005, the Special Master set forth a briefing and meet and confer schedule

26 and ordered the parties to submit proposed discovery plans. The briefs were submitted by

27 Plaintiffs, the Tutor-Saliba Defendants and the Surety Defendants. The matter came on for

28
                                  – 1 –

hearing on August 25, 2005. After argument and discussion, the matter was submitted.

The Special Master has reviewed each of the proposed plans and has considered the proposals therein. Typical of the positions of the parties in this case, they were unable to achieve any agreement on the discovery plan. The Plaintiffs would accelerate the case without considering the amount of factual discovery remaining. The defendants would prolong the discovery beyond what is reasonable to prepare for trial. The surety Defendants, for the most part, have concurred with the Tutor-Saliba Defendants on their proposed discovery plan. The Special Master has considered the needs of the case, the amount in controversy, the importance of the issues at stake, and the importance of the proposed discovery in resolving the issues.

The following plan is the recommendation of the Special Master:

1.      *Document production:* This plan does not include the outstanding requests for production and the motions filed thereto. These will be resolved with in the next few weeks. Upon the production of the remaining documents to be produced, or subject to the orders of the Special Master, documents production should be complete.

2.      *False claim disclosures:* These disclosures have been the subject of orders by Judge Wilkins and Judge Chen. Judge Chen's Order Re: Guidance of August 12, 2004 incorporated Judge Wilken's Order of May 19, 2004. In many respects, the Plaintiffs have complied. In one instance, there must be further compliance. The Plaintiffs must state with as much specificity as is available to them *why* the representation is false or misleading. The Special Master finds that the current False Claims Chart does not supply that element the Court has ordered, in most instances[1]. In revealing that specific information, the Plaintiffs

---

[1] Plaintiffs have complied where they state TSPB's false representation and then state what TSPB knew to be the fact. That is not the case in every instance under the heading "why

shall identify the person who discovered or determined the falsity of the representation, if

know to them. If no such person is known, Plaintiffs shall so state. Plaintiffs shall supply this

information within 30 days of the date of this order. The Tutor-Saliba Defendants request an

additional series of five questions be proposed and answered by Plaintiffs before they respond

to the false claims. But the Special Master finds that if Plaintiffs complete the False Claims

chart as ordered by the Court, the Defendants should have sufficient information to proceed.

This information proposed by the five questions, may be raised by contention interrogatories.

     3.    *Response to false claims disclosure:* Defendants will state, based on all

information in their possession, custody or control, the facts supporting their defenses to the

identified false claims. Defendants shall supply this information 45 days after receiving

Plaintiffs' disclosure.

     4.    *Contention interrogatories:* After the False Claims disclosers and Responses

thereto have been filed, each side may propose 10 contention interrogatories.

     5.    *General interrogatories:* The parties shall each be entitled to a total of 150

general interrogatories. Thus far, the Plaintiffs have propounded 25 interrogatories and the

defendants have propounded 80[2]. These additional interrogatories may be propounded after

the false claims disclosures and responses thereto have been filed.

     6.    *Requests for Admissions:* The parties shall propound no more than 200

additional Requests for Admission and no more that 100 Requests for Authenticity and

Admissibility of Documents.

     7.    *Percipient Witness and 30(b)(6) depositions:* The parties shall be entitled to 50

percipient witness depositions and 15 30(b)(6) depositions. These depositions shall commence

---

false."

[2] If any pending objections to interrogatories are sustained by the Special Master in the pending motions, those shall not be counted against the parties' totals.

after Plaintiffs complete the false claims chart as directed and Defendants' response thereto. But in no event shall they begin earlier than 90 days from the date of this order and no later than 120 days from the date of this order. The parties may agree to take more than one track of percipient witness depositions. Each of the participant witness depositions but five shall be completed in the one day seven hour limit (rule 30 d)(2) and the remaining five shall not exceed three days, of seven hours.

8.      *Remaining Discovery Deadlines:*

These deadlines are mere recommendations of the Special Master after consideration of the parties' positions taken at the hearing on a discovery plan. The Special Master has taken into consideration the amount of discovery that the parties anticipate and yet with a belief that this specified schedule will promote judicial efficiency. The ultimate schedule depends upon the Court's determination of an appropriate trial date. The Special Master has assumed that this case will be ready for trial in the early part of 2007.

a.  **Fact Discovery Cutoff:** August 1, 2006;

b.  **Expert Disclosures Due:** September 15, 2006;

(i)  Reports from retained experts under rule 26(a)(2) due from Plaintiffs by September 15, 2006 and from Defendants by October 2, 2006.

c.  **Rebuttal expert disclosures:** October 16, 2006;

d.  **Expert Discovery Cut-Off:** December 1, 2006;

e.  **Dispositive Motion Cut-Off:** December 15, 2006;

f.  **Pre-trial Disclosures Due:** January 5, 2007.

Dated:    September 8, 2005

Hon. Daniel M. Hanlon (Ret.)
Special Master

- 4 –

SPECIAL MASTER'S RECOMMENDED DISCOVERY PLAN