Hon. Daniel M. Hanlon (Ret.)

Two Embarcadero Center     Suite 1100

San Francisco CA, 94111

Phone 415-982-5267

Fax 415-982-5287

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                    Plaintiffs,<br><br>   v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR,<br><br>                    Defendants.<br>_____/ | **Case No. C 02 5286 (~~EWC~~) CW (EMC)**<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY SFO ASSOCIATES PURSUANT TO SUBPOENAS |

The Tutor-Saliba Defendants' Motion to Compel Production of Documents from

Non-Parties SFO Associates pursuant to subpoenas came on regularly for hearing before the Special Master, Hon. Daniel M. Hanlon, Ret.

The Special Master has considered the papers and pleadings on file and more specifically, the Points and Authorities in support of Defendants' Motion, the Opposition by Non-Party SFOA to the Motion and the Reply Memorandum of Defendants'. The Special Master has read and considered the declarations attached to and included in the moving, opposition and reply papers. The Special Master has also considered his analysis and conclusions from the Order Granting in Part and Denying in Part Defendant's Motion to Compel Documents withheld Under Claims of Privilege or Work Product Protection Responsive to Defendants' First Request to Produce of November 3, 2005.

The Special Master specifically incorporates herein as though fully set forth the analysis from said Order, Section III on whether communication with and between independent contractors are subject or not to the attorney client privilege.

This Motion relates to six documents which have been claimed within the attorney client privilege by the independent contractors: 1) the November 5, 1999 fax from John Draguesku to Kris Cox; 2) the March 16, 2000 memorandum from Kris Cox to Tom Kardos, Tom Rodriguez et al.; 3) the June 13, 2000 memorandum from Michael Barnes to John Draguesku; 4) the September 12, 2000 memorandum from Dianne Barry to John Draguesku; 5) the September 28, 2000 memorandum from Dianne Barry to John Draguesku; and an undated package of documents from Dianne Barry to John Draguesku.

The defendants' arguments for production are similar to their arguments for production of the documents claimed under privilege or work product in the accompanying order. The respondents to the motion have adopted the same rationale that the CAO has adopted in their opposition to the companion Motion to Compel. As a result of a review of

Case 4:02-cv-05286-CW   Document 784   Filed 11/14/05   Page 3 of 8

the specific issues related to this Motion and the opposition, the Special Master finds that in accordance with Judge Chen's Standing Order, the law of the Ninth Circuit and the facts of this particular case, SFO must review each of the documents claimed as privileged in said log and provide "affirmation" in the form of a declaration from the author of the communication (or the party directing that the communication be made) that the communication was for the purpose of either rendering or receiving legal advise and that the party had an expectation of confidentiality with regard to the communication and that the document was not shared with outside person(s) creating a waiver of the privilege. Any document for which respondents cannot establish these criteria shall be produced.

In regard to item six (6) of the log, an undated package of documents, the dictates of the Ninth Circuit law and Judge Chen's Standing Order, each document therein must be identified individually and the respondents must provide the requisite information for each document. Any document for which the respondents cannot establish these criteria shall be produced.

The respondents also contend in opposition to Defendant's Motion that the documents are protected by the work product privilege. The Special Master finds that documents predating the airport contracts were not prepared "because of" litigation and thus are not properly withheld based on the work product doctrine and shall be produced unless otherwise protected by the attorney-client privilege.

Documents prepared on or after the date of the airport contracts at issue here, may have been prepared in anticipation or "because of" litigation. Respondents are ordered to examine all documents in this category for which work product is claimed to determine whether they were indeed prepared "because of" potential litigation and not just the remote possibility of litigation. Any documents not prepared "because of" litigation shall

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF     3

produced unless protected by the attorney-client privilege. The Special Master further finds on the record presented on these six documents, the Defendants have not established a "substantial need" for the documents sufficient to overcome work product production.

## IT IS HEREBY ORDERED:

1. Respondents SFO shall prepare amended privilege logs accompanied by additional declarations by the author of the communications (or the party directing that the communication be made) sufficient to establish that the communication was for the purpose of rendering or receiving legal advise, that the party had an expectation of confidentiality with regard to the communication. The declarations shall include "the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication." Respondents SFO amended logs shall include an entry for each and every document withheld. Any document for which the above criteria cannot be met shall be produced.

2. Respondents SFO shall produce all documents predating the airport contracts at issue in this case that were withheld based on the work product doctrine unless otherwise protected by the attorney-client privilege.

3. Respondents SFO are ordered to examine all documents withheld based on the work product doctrine which postdate the airport contracts at issue to determine whether they were indeed prepared "because of" potential litigation. Documents not prepared "because of" litigation shall be produced unless otherwise protected by the attorney-client privilege.

**IT IS SO ORDERED.**

November 3, 2005

_____
HON. DANIEL M. HANLON (Ret.)
Special Master

Hon. Daniel M. Hanlon (Ret.)

Two Embarcadero Center    Suite 1100

San Francisco CA, 94111

Phone 415-982-5267

Fax 415-982-5287

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR,<br><br>　　　　　　　　Defendants.<br>_____/ | **Case No. C 02 5286 (EWC)**<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY SFO ASSOCIATES PURSUANT TO SUBPOENAS |

The Tutor-Saliba Defendants' Motion to Compel Production of Documents from

## *PROOF OF SERVICE BY FACSIMILE*

I, Claire Vranicar, not a party to the within action, hereby declare that on November 4, 2005, I served the attached ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DOCUMENTS. ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL. on the parties in the within action by faxing true copies thereof, at San Francisco, CALIFORNIA, addressed as follows:

Stephanie Powers Skaff
Farella, Braun & Martel, LLP
235 Montgomery St.
30th Fl.
San Francisco, CA 94104
Tel: 415-954-4400
Fax: 415-954-4480

Martin Mamett Esq.
Castle & Associates
1925 Century Park East
Suite 210
Los Angeles, CA 90067-2712
Tel: 310-286-3400
Fax: 310-286-3404

William Eliopoulos Esq.
Rutan & Tucker, LLP
50 W. San Fernando Street
Suite 320
San Jose, CA 95113
Tel: 408-289-8777
Fax: 408-289-8778

Kristine Poplawski Esq.
City & County of San Francisco
1390 Market Street
Fifth Floor
San Francisco, CA 94102-5408  USA
Tel: 510-287-4312
Fax: 415-554-3837

Andrew Ingersoll
Farella, Braun & Martel, LLP
235 Montgomery St.
30th Fl.
San Francisco, CA 94104
Tel: 415-954-4400
Fax: 415-954-4480

Robert H. Nida
Castle & Associates
1925 Century Park East
Suite 210
Los Angeles, CA 90067-2712
Tel: 310-286-3400
Fax: 310-286-3404

David C. Veis Esq.
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
Tel: 310-552-0130
Fax: 310-229-5800

Rafal Ofierski
Office of the City Attorney of San Francisco
1390 Market Street
6th Floor
San Francisco, CA 94102
Tel: 415-554-3800
Fax: 415-554-3837

Maria Bee
Oakland City Attorney's Office
One Frank H. Ogawa Plaza
6th Floor
Oakland, CA 94612
Tel: 510-238-6512
Fax: 510-238-6500

      I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on November 4, 2005.

_____
Claire Vranicar