Hon. Daniel M. Hanlon (Ret.)
JAMS
Two Embarcadero Center
Suite 1100
San Francisco CA, 94111
Phone 415-982-5267
Fax 415-982-5287

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR,<br><br>Defendants. | Case No. C 02 5286 CW (EMC)<br>JAMS Reference No. 1100042979<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF WITNESSES PURSUANT TO FED.R.CIV.PROC.26.**<br>(Docket No. 777) |

ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF WITNESSES PURSUANT TO FED.R.CIV.PROC.26.

1

On November 7, 2005, Plaintiffs City and County of San Francisco, et al. ("CCSF") moved to compel disclosure of witnesses pursuant to Federal Rule of Civil Procedure 26 by Tutor-Saliba Corporation, et al. (herein collectively referred to as "Tutor-Saliba" or "Tutor Defendants"). Tutor-Saliba filed a written opposition on November 21, 2005, and CCSF filed its written reply on December 5, 2005. Oral argument was heard on December 13, 2005, the Honorable Daniel M. Hanlon (Ret.), Special Master, presiding.

After full consideration of all papers filed and arguments made, the Special Master hereby issues the following order:

## I. Summary of Parties' Arguments

Through their motion, Plaintiffs seek to compel disclosure of witnesses in accord with Federal Rule of Civil Procedure 26. Plaintiffs claim that Defendants' original witness disclosure list "consisted of a telephone book-like listing of what appears to be *every single one* of the Tutor Defendants' employees and subcontractor contacts." (Plaintiffs' Brief in Support of Motion at 1:21-23). Plaintiffs further claim that Defendants' supplemental disclosures continue to be over inclusive and also fail to state the subjects of the information the witness will provide as required by Rule 26. Plaintiffs seek an order compelling Defendants "to provide a compliant disclosure that in good faith attempt[s] to identify only those witnesses that might have discoverable information related to the claims and defenses in the case, and for each of those witnesses, to provide a brief but substantive disclosure of their subject matter knowledge." (*Id.* At 1:25-28.) Plaintiffs claim their need for this information is urgent, citing the Special Master's Discovery Plan adopted by the Court on September 30, 2005, which limits the number of percipient witness depositions and sets the timing for depositions to begin. Plaintiffs also cite the imminent need to

ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF WITNESSES PURSUANT TO FED.R.CIV.PROC.26.

2

notice depositions and the need to stay within the numerical limitations set by the Discovery Order.

In response, Defendants argue that Plaintiffs' motion should be denied because Plaintiffs have failed to meet and confer as required by Fed.R.Civ.Proc. 37(a)(2)(A). Defendants then argue that plaintiffs request for information about the witnesses is beyond the scope of Rule 26 because it seeks information about the role and responsibility of the witness—rather than just the "subjects of the witness' information." Defendants also argue that Plaintiff's motion is premature since the parties are relying on supplementation of Plaintiffs' False Claims Chart which will further name potential witnesses and define claims. Defendants also call Plaintiffs' motion "unnecessary" since Defendants have already agreed to provide Plaintiffs with the information they are seeking "so long as Plaintiff also agrees to supplement their Rule 26 disclosures." (Defendants' Opposition at 2:11-12.)

**Discussion**

Federal Rule of Civil Procedure 26(a) requires a party to litigation to disclose without waiting for a discovery request certain basic information including:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defense, unless solely for impeachment, identifying the subjects of the information.

(Fed.R.Civ.Proc. 26(a)(1)(A).) Under the 2000 rule amendments, the "scope of the disclosure obligation [was] narrowed to cover only information that the disclosing party may use to support its position." (*Id.*) Thus the parties are required to identify those witnesses that they might use to support their position, based on the information available to them.

Federal Rule of Civil Procedure 26(e) provides that each party

ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF WITNESSES PURSUANT TO FED.R.CIV.PROC.26.

3

who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired…if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Thus to the extent that additional witnesses or information is discovered, parties have a duty to supplement their witness disclosures at appropriate intervals. (Fed.R.Civ.Proc. 26(e).)

Plaintiffs claim that their motion here relates to the adequacy of the Tutor Defendants' "baseline compliance" with Rule 26(a)—and not a supplemental disclosure under Rule 26(e). Thus, they argue that there is no justification for Defendants to delay production of a compliant initial witness disclosure list based on later acquired information from an amended false claims chart or otherwise. At the hearing, the Defendants acknowledged that they will review the initial list, reducing it in some instances and adding in other instances.

The special Master agrees. An examination of the correspondence between the parties evidences multiple attempts by the Plaintiffs to get Defendants to provide a compliant Rule 26(a) initial disclosure list which includes the names of witnesses likely to have "discoverable information" in support of Defendants' claims and defenses and the "subjects of the information." (Declaration of Stephanie Powers Skaff in support of Plaintiffs' Motion to Compel ("Skaff Decl."), Exs. B, C, D, F, and G.) This correspondence also evidences multiple attempts to meet and confer over the issue of Defendants' Rule 26(a) disclosures. (*See, e.g.,* Skaff Decl., Exs. D and F.) In this correspondence, Defendants repeatedly delayed disclosure of a compliant rule 26(a), first arguing that they could not provide a better witness disclosure list until the pleadings were closed. (Skaff Decl., Ex. A.) Now that the pleadings are closed, Defendants argue that they can't provide a compliant rule 26(a) disclosure until Plaintiffs do and

ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF WITNESSES PURSUANT TO FED.R.CIV.PROC.26.

4

the False Claims Chart is amended.[1] (Skaff Dec., Ex. G.) When Defendants did supplement their initial disclosures on August 20, 2003, these disclosures again failed to comply with Rule 26(a)—listing 54 pages of names and only identifying the "subjects of the information" for a fraction of those listed. (Skaff Decl., Ex. E.) When the "subjects of the information" is listed, it states only "regarding construction." (*Id.*) As Defendants themselves recognize in their supplemental disclosure, this is an inadequate description of the subject of the witness' testimony:

> Defendants contend that <u>plaintiffs will also have to further supplement their overbroad and generalized FRCivP 26(a)(1)(A) Early Meeting disclosure, once the pleading stage is over, to more specifically identify subjects of the information of each potential witness beyond plaintiffs' overbroad characterization of the subjects of the information of each potential witness as "construction and management," "Master Plan construction, organization and management," "Master Plan accounting, cost and contract compliance," "scheduling and efficiency issues," and "MBE issues."</u>

(Skaff Decl., Ex. E (Defendants Tutor-Saliba...Supplemental Fed.R.Civ.Pro.26(a)(a) Early Meeting Disclosures, etc. at 2:1-7 (underline added)).)

The evidence shows that Defendants have yet to disclose a compliant Rule 26(a) witness list.[2] While Defendants may be required again to supplement their witness disclosure list after Plaintiffs' amend their False Claims Chart, there is no reason that they should not be required to comply with Rule 26(a) based on the information that they now have.

**Order**

---

[1] The Special Master was advised at the hearing that the Revised False Claims Chart was served on December 12, 2005.

[2] Defendants did disclose a limited witness disclosure list on February 25, 2004, listing seven witnesses and on June 14, 2004, listing one witness.

ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF WITNESSES PURSUANT TO FED.R.CIV.PROC.26.

Within 14 days of the date of this order, Defendants must disclose to Plaintiffs the following information for each witness they might use in this litigation to support their claims or defenses:

(1) the name of the witness;

(2) the current address and telephone number, if known;

(3) a brief description of the subjects of the witness' information [including the specific Airport contracts the witness has information about].

The parties are reminded and advised if the continuing obligation for disclosure under Federal Rule of Civil Procedure 26(a) "…to supplement or correct the disclosure or response to include information thereafter acquired…" (Fed.R.Civ.Proc. 26(a)(1)(A).) Therefore, plaintiffs are expected to review and amend their disclosures, as well.

The Special Master restates his modification to Judge Chen's meet and confer order. The only modifications were to permit the meet and confer by phone with the attorneys most knowledgeable on the issue and not the senior attorney on the case.

IT IS SO ORDERED.

December 20, 2005

_____
HON. DANIEL M. HANLON (Ret.)
Special Master

ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF WITNESSES PURSUANT TO FED.R.CIV.PROC.26.

6