Hon. Daniel M. Hanlon (Ret.)
JAMS
Two Embarcadero Center
Suite 1100
San Francisco CA, 94111
Phone 415-982-5267
Fax 415-982-5287

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR,<br><br>Defendants.<br>_____ / | Case No. C 02 5286 CW (EMC)<br>JAMS Reference No. _____<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY TUTOR DEFENDANTS**<br><br>(Docket No. 772) |

1

1   On November 2, 2005, Plaintiffs City and County of San Francisco, et al. (Plaintiffs or
2   "CCSF") moved to compel production of documents by Defendants Tutor-Saliba Corporation, et
3   al. (herein collectively referred to as "Tutor-Saliba" or "Tutor Defendants").  Tutor-Saliba filed a
4   written opposition on November 21, 2005, and CCSF filed its written reply on December 5,
5   2005. Oral argument was heard on December 13, 2005, the Honorable Daniel M. Hanlon (Ret.),
6   Special Master, presiding.
        After full consideration of all papers filed and arguments made, the Special Master
7   hereby issues the following order:

I.  **Summary of Parties' Arguments**

Through its motion, CCSF seeks to compel production of four categories of documents:

(1) the documents the Tutor Defendants identified as relevant in their own Federal Rule 26(a) Early Meeting Disclosures in this action;
(2) documents within the scope of the escrow bid provisions of the Project contracts;
(3) all job cost reports (which Plaintiffs assert the Tutor Defendants were expressly required to maintain under the Project contracts); and
(4) all electronic schedules submitted to the Airport in connection with the International Terminal ("IT") 5500E contract.

The first three categories of documents were the subject of Plaintiffs' First Request for Inspection and Production of Documents filed June 23, 2003 and the fourth category of documents was part of Plaintiffs' Second Request for Inspection and Production of Documents, filed October 15, 2003. (Declaration of Karen Kimmey in Support of Plaintiffs' Motion to Compel ("Kimmey Decl."), Ex. A and Ex. E, Request 38.) Plaintiffs claim that it is clear from a review of the Tutor Defendants' production that not all responsive documents have been produced. Plaintiffs also claim that they have tried on numerous occasions to obtain these documents from the Tutor Defendants and/or to obtain unambiguous assurances from them that they had produced all documents responsive to these requests and have been unsuccessful. (See Kimmey Decl., Ex. I.) Plaintiffs claim that they need these documents for upcoming deposition discovery beginning this month, December 2005.

Through this motion, Plaintiffs ask that the Tutor Defendants be ordered to either produce additional documents or certify that they have completed their production, as required by Judge Chen's Standing Order for Civil Practice.

2

In response, Tutor Saliba argues that Plaintiffs have failed to meet and confer either in person or telephonically as required by both the parties' June 7, 2004 Stipulation and Order signed by Judge Chen and by Federal Rule of Civil Procedure 37(a)(2)(A). Defendants argue that such failure is fatal to Plaintiffs' motion. Defendants further argue that they have produced all requested responsive documents, or have at least offered them to Plaintiffs. And finally the Tutor Defendants argue that they are not required to certify completion of any document production unless and until Plaintiffs agree to engage in the same confirmation process. Tutor-Saliba notes that it requested that the Special Master include a confirmation process in his discovery plan order, but the plan submitted by the Special Master does not include such a requirement. The Tutor Defendants state that they are willing to engage in a confirmation process if the Plaintiffs also agree to engage in such a process.

**Discussion**

I.  **The Parties Met and Conferred.**

Judge Chen's Standing Order provides as follows:
In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer in person with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The meeting must be <u>in person, except where good cause is shown why a telephone meeting is adequate</u>. A <u>declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers</u>. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a).

(Reply Declaration of Karen Kimmey in Support of Plaintiffs' Motion to Compel ("Kimmey Reply Decl."), Ex. A, Judge Chen's Standing Order at ¶8 (underline added).)

Tutor Saliba claims that Plaintiffs have not attempted to meet and confer in person or telephonically regarding documents identified in Tutor's Early Meeting Disclosures, documents within the scope of the escrow bid provisions, to discuss the thoroughness of job cost reports already produced or the production of non-5500E job cost records. Defendants also state that

3

1   while Plaintiffs have made recent requests for production of electronic schedules submitted to
2   the Airport in connection with the IT 5500 E Contract in letters addressed to the Tutor
3   Defendants, they have made no attempt to meet and confer with the Tutor Defendants on this
4   issue.

5   Plaintiffs respond that they have been attempting for many months to obtain production
6   of the documents requested in the motion, and have most recently sent a letter to Tutor
    Defendants detailing exactly what Plaintiffs request through this motion and the Tutor
7   Defendants have refused all requests for production in unequivocal terms. Plaintiffs claim they
8   have thus complied with Federal Rule of Civil Procedure 37(a)(2)(A) and Local Rule 37-1(a) and
9   also claim, without citation, that Judge Chen's prior order requiring an in-person meet and confer
10  has been modified by the Special Master. Plaintiffs also note that they have made at least as
11  much effort to meet and confer as the Defendants made before bringing their own motion to
12  compel. And finally, Plaintiffs cite their urgent need for the documents at issue here due to the
13  deposition discovery scheduled to begin this month.

14  Plaintiffs originally propounded their requests for production at issue in this motion over
15  two years ago, in June and October 2003. Subsequent attempts to obtain the documents, and
16  Defendants' response generally denying that there are more documents, are evidenced by written
    correspondence between the parties attached as exhibits F, G, H, I and J to the Kimmey
17  Declaration. This correspondence shows that the parties are at an impasse with regard to the
18  subject documents.

19  Because the documents sought through this motion have been the subject of discovery for
20  over two years now and because deposition discovery is now pending, the Special Master
21  required the parties to conduct a meet and confer session regarding these documents. At the
22  hearing, the parties attempted to set forth a stipulation regarding the issues about which they had
23  conferred. There is only one issue they agreed upon as set forth heretofore.

24

25  II.    **Whether Tutor Defendants Should be Compelled to Produce All Documents
           Identified in their Rule 26(a)(1) Early Meeting Disclosures.**
26  Plaintiffs requested the documents identified in Defendants' Fed.R.Civ.P. 26(a)(1) Early
27  Meeting Disclosures in their First Document Request filed June 23, 2003. (Kimmey Decl., Ex.
28  A, Request 1.) Tutor Saliba argues that it has produced all requested responsive documents as

4

1  set forth in their Federal Rule 26(a)(1) Early Meeting Disclosures and Supplemental Early
2  Meeting Disclosures, and states that their most recent productions of these documents occurred
3  on October 6 and 7, 2005 and November 8 and 9, 2005. Defendants further argue that they
4  started to produce scores of submittal boxes but were told by Plaintiffs not to produce these
5  boxes anymore.
6      Defendants state that any documents not disclosed are either privileged and listed on their
7  privilege log or were deemed "non-responsive" under the parties' June 7, 2004 Stipulation and
   Order signed by Judge Chen including "drawings, vendor files, ... insurance files[,] ... general
8  corporate financial ... and/or accounting records, ... employee personnel files and/or employee
9  procedure manuals relating to employee benefits and responsibilities[,]" and other documents in
10 accord with the stipulation.
11     The parties' June 7, 2004 Stipulation and Order relates to Plaintiffs' *Second* Request for
12 Production and under "Scope of Production" states as follows:
13     Plaintiffs agree to <u>initially exclude</u> from the categories of documents to be reviewed and
14 produced by Defendants the following files: drawings, vendor files and/or insurance file. If
15 Plaintiffs at a later date seek <u>drawings, vendor and/or insurance files</u>, they will specify to the
16 extent practicable the specific, drawings, vendor or insurance files for production and these
17 requests will then be addressed by the parties. The parties further agree that the following
18 limitations will apply to the entirety of Plaintiffs' Set Two document requests:
19 ...
20     (2) Tutor Defendants will not search for or produce at this time general <u>corporate
21 financial records</u> and/or accounting records, including but not limited to responsive income
22 statements, balance sheets, cash flow statements, audit reports, loan documents or indemnity
23 documents, except as expressly stated herein ...
24     (3) <u>employee personnel files</u> and/or employee procedures manuals relating to
25 employee benefits and responsibilities ...
26
27
28

5

1  Declaration of Robert Nida in Support of the Tutor Defendants' Opposition to Plaintiffs' Motion
2  to Compel, ("Nida Decl.") Ex. A, June 7, 2004 Stipulation and Order at 3:14-4:5 (underline
3  added).
4       The June 7, 2004 Stipulation and Order does not deem the withheld documents "non-
5  responsive" as claimed by Defendants. Instead, it shows that Plaintiffs agreed to "initially
6  exclude" these documents from their Second Request. Moreover, the June 7, 2004 Stipulation
7  and Order appears not to relate to or affect production of documents subject to the Plaintiffs'
   First Request for Production – which includes the Early Meeting Disclosures.
8       The parties' June 7, 2004 Stipulation and Order, even if applicable to documents requested in
9  Plaintiffs First Request for Production of Documents, states expressly that it is an initial
10 limitation and does not preclude Plaintiffs from subsequently seeking production of documents
11 omitted from earlier phases of the rolling discovery. (Nida Decl. Ex. A, June 7, 2004 Stipulation
12 and Order at 3:6-8, 14.) It cannot be disputed that documents Defendants themselves listed as
13 relevant to their own claims or defenses are "responsive" and likely to lead to admissible
14 evidence.
15      The Special Master finds Defendant must produce all non-privileged documents listed in
16 Exhibit B to Defendants' Early Meeting Disclosures served May 27, 2003. Such production
   shall be completed within 10 days of the date of the entry of this order.
17      If the Tutor Defendants believe that documents they listed on their initial disclosures are not
18 relevant to the claims or defenses in this case and should not be produced, they should provide an
19 amended disclosure that specifically identifies such documents.
20
21
22      III.    **Whether Tutor Defendants Should be Compelled to Produce Documents Within
                the Scope of the Escrow Bid Provisions.**
23
24      Defendants state unequivocally that all known escrow bid documents relating to the IT
25 contract were produced on November 17, 2003 and all escrow bid documents regarding the non-
26 IT contracts were produced on September 9, 2004. (Nida Decl., ¶¶9, 10.)
27      Judge Chen's Standing Order for Civil Practice, states that "all parties shall … promptly after
28 the production [of documents,] confirm in writing that they have produced all such materials so

6

1  described that are locatable after a diligent search of all locations at which material might
2  plausibly exist." (Kimmey Reply Decl., Ex. C.) In accord with Judge Chen's Standing Order,
3  within 7 days of the completion of the production of these documents, all parties shall "confirm
4  in writing" that all such documents have been produced. The confirmation shall be e-filed with
5  the Court and a copy to the Special Master and all parties

### IV. Tutor Defendants have Stipulated to Produce Hard Copies of Job Cost Reports.

#### a. Job Cost Reports on IT Contract (5500E Project)

The parties stipulated at the meet and confer on December 13, 2005 that the Tutor Defendants shall produce printed hard copies of the job cost data for International Terminal Contract (5500E) for the years 1996-1998 on January 17, 2006. On accord with judge Chen's Standing Order, within seven (7) days of the completion of production of those documents, Defendants shall "confirm in writing" that all such documents have been produced.

#### b. Box 474 Available for Review

The parties were unable to agree when these documents shall be produced by the Tutors Defendants. The Special Master has considered the papers and recent correspondence relating to the issue.

The Special Master orders that the Tutor Defendants shall re-produce Box 474, which contains electronic data by January 6, 2006. The Tutor Defendants shall provide a privilege log listing any document or data tape withheld on the basis of a privilege or objection, or shall indicate a document or data tape was/is withheld as non-responsive or duplicative of documents heretofore produced by the Tutor Defendants in this case.

#### c. Certification of Document Discovery Production

The parties have been unable to agree on acceptable certifications. The certification for production derives from Judge Chen's Standing Order. Therefore, it is hereby ordered that ten (10) days after any document production by any of the parties, the producing party shall file with the Court, and serve all other parties and the Special Master an affidavit that said party has conducted a diligent search and that all <u>non-privileged</u>, responsive documents in their possession, custody and control have been produced. As to any <u>non</u>-privileged document not produced, the party shall list the document and the basis said document was withheld.

7

### d. Job cost Reports on non-IT Contracts

Plaintiffs also seek job cost reports related to non-IT Contracts. Defendants claim that this request is new, and that under the terms of the June 7, 2004 Stipulation and Order, Plaintiffs are required "to review and consider whether to narrow their request for detailed job cost data for the other [non-IT] contracts, which further production will be the subject of further agreement of the parties." (Nida Decl. at ¶ 2, Ex. A.) Defendants note the high cost associated with producing this data as the rationale behind requiring a narrower request.

In their reply, Plaintiffs claim that they have already narrowed their request – requesting now only the hard copy detailed job cost reports and stating that this is a "discrete set of key documents." (Plaintiffs' Reply Brief at 3:11.) Plaintiffs ask that Defendants produce these non-IT Contract job cost reports within 30 days.

## V. Whether Tutor Defendants Should be Compelled to Produce Electronic Schedules Submitted to the Airport in Connection with the IT and non-IT Contracts.

The Tutor Defendants argue that they have previously produced all known electronic versions of scheduling documents regarding the IT contract. Defendants note that this included the massive Project Office Database or POD – "produced to Plaintiffs many months ago at great expense to the Tutor Defendants." Tutor's Opposition Brief at 9:21-22. Tutor notes that in a case such as this, involving millions of documents, it is always possible that additional documents will be located during the course of depositions and as the case unfolds, and claims that a good faith effort was made to search for electronic scheduling documents concerning the IT contract – and all documents found have been produced. Moreover, Defendants claim they have offered to produce additional non-IT contract scheduling documents and Plaintiffs have failed to respond to that offer.

Plaintiffs argue that because Defendants state only that they "believe" that "all known" electronic schedules have been produced and don't state unequivocally that they have all been produced, there must be more to produce: "[t]he clear implication of these statements is that the Tutor Defendants *have not completed* their search for electronic schedules and that they have not yet determined that all electronic documents relating to the IT contract have been produced to

8

Plaintiffs." (Plaintiffs' Reply Brief at 3:21-24.) It seems apparent from their Reply Brief that Plaintiffs also seek the production of electronic scheduling documents for non-IT contracts.

### a. Electronic Scheduling Documents for the IT Contract

Correspondence between the parties indicates that the parties met and conferred regarding the IT Contract electronic schedules on September 20, 2004. (Kimmey Decl. Ex. F.) This correspondence also shows that Plaintiffs have made subsequent requests for production of these documents. (Kimmey Decl. Exs. F, G, H, I and J.)

Within 10 days of the date of the entry of this order, Defendants shall produce any remaining electronic scheduling documents related to the IT Contract. In accord with Judge Chen's Standing Order and the Special Master's Order herein, within 10 days of the completion of the production of these documents, Defendants shall "confirm in writing" that all such documents have been produced.

### b. Electronic Scheduling Documents for the non-IT Contracts

Regarding the scheduling documents related to the non-IT contracts, Plaintiffs' Request for Inspection and Production of Documents to Tutor Defendants, Set Two, Request No. 38 asks for "all schedule documents" and is not limited to the IT contract. In addition, Plaintiffs state that they have served a subsequent formal request for these non-IT scheduling documents on Defendants.

Defendants are hereby ordered to complete production of the scheduling documents related to the non-IT contracts within 10 days of the date of this order. In accord with Judge Chen's Standing Order and the Special Master's order herein, within 10 days of the completion of the production of these documents, Defendants shall "confirm in writing" that all such documents have been produced.

IT IS SO ORDERED.

December 27, 2005

HON. DANIEL M. HANLON (Ret.)

Special Master

9