Hon. Daniel M. Hanlon (Ret.)
JAMS
Two Embarcadero Center
Suite 1100
San Francisco CA, 94111
Phone 415-982-5267
Fax 415-982-5287
SPECIAL MASTER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>               Plaintiffs,<br><br>   v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR, an individual<br><br>           Defendants. | Case No.  C 02 5286 CW (EMC)<br>JAMS Reference No. 1100042979<br><br><br>**ORDER RE: TUTOR DEFENDANTS MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS IN POSSESSION OF U.S. ATTORNEY**<br><br>**(Docket No. 801)** |

On November 22, 2005, Defendants Tutor Saliba moved to counsel the production of documents that are in the possession of the United States Attorney's (USAO) that were improperly withheld based upon attorney-client and/or the attorney work product doctrine. The Plaintiffs City and County of San Francisco field written opposition on December 20, 2005 and Tutor-Saliba filed its reply on January 3, 2006. Oral argument was heard on January 9, 2006, the Honorable Daniel M. Hanlon (Ret.), Special Master, presiding.

After full consideration of all papers filed and arguments made, the Special Master hereby issues the following order:

I.      SUMMARY OF PARTIES' ARGUMENTS

Through their motion, Defendants seek to compel Plaintiffs and the USAO to produce from one of the boxes, designated box #67, three documents/files now designated by Plaintiffs on a privilege log.

The Tutor defendants' contend that the documents are subject to production under the Special Master's Order compelling the production of documents issued on November 7, 2005 (Docket 554). Secondly, Defendants contend that Plaintiffs, having had the opportunity to review the documents provided the USAO, failed to assert any claim of attorney-client privilege or work product protection. And thirdly, Defendants contend by four separate theories that Plaintiffs waived any claim of privilege or work product protection.

In opposition, the Plaintiffs contend that the documents are indeed work product. Plaintiffs contend that they did not waive the protection afforded these document at any time. The Plaintiffs specifically contend they did not waive any work-product protection because under the common interest doctrine, the City shared these documents with the United States Attorney in a common interest to prosecute potential wrongdoers. Finally, Plaintiffs contend that

they did not waive the privilege by failure to have moved for a protective order because they had no knowledge that these three documents would be included in the USAO's production of documents seized under the immediate subpoena in 1999.

## II.    FACTUAL BACKGROUND

In 1999, the federal government conducted an investigation into possible wrongdoing within the San Francisco Human Rights Commission program for certifying minority or women ownership of businesses that bid on public contracts.  (MBE/WBE)

On June, 1999 the USAO served a subpoena on the CAO for a document production by the Human Rights Commission on August 12, 1999.  However, when there was evidence that someone in the HRC was shredding documents, the USAO issued a "forthwith subpoena" on July 30, 1999.  That subpoena was presented to the Human Rights Commission in the presence of an Assistant U.S. Attorney, a Deputy City Attorney accompanied by FBI agents and City Attorney Investigators.  A compliance check to ensure that all documents responsive to the subpoena were being produced was conducted with consent of the Deputy City Attorney.  The search of the HRC office contained through August 2nd and August 3rd, 1999.  (Carlucci Declaration and Giorgi Declaration)

The Deputy City Attorney was present during the search in order to facilitate compliance with the forthwith subpoena and was given the opportunity by Special Agent Merrill to review documents that indicated privilege communications.

After the documents had been returned to the City, a claims investigator for the City Attorney indexed the boxes of documents, supervised the scanning of the documents and then reviewed the documents and entered them into a document data base.

ORDER RE: TUTOR DEFENDANTS MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS IN POSSESSION OF U.S. ATTORNEY
3

Defendants Tutor-Saliba served a subpoena on the USAO, on March 8, 2004, seeking the documents the USAO seized from the HRC. On October 2005, the USAO produced approximately 80 boxes of documents responsive to the subpoena. The boxes were produced simultaneously to Defendants and Plaintiffs. The attorneys for the parties were in the same room reviewing the boxes when Deputy City Attorney Kristine Poplawski, counsel for Plaintiffs reviewed the box numbered 67. Counsel for Plaintiffs pulled three (3) sets of documents from Box 67 that appeared to be the City Attorney's work produce. The documents were given to AUSA Brown and the Deputy City Attorney directed that the AUSA withdraw these 3 sets of documents form production until it could be determined whether the documents were privileged. Box 67 was not otherwise withdrawn from production. [Poplawski declaration; Blonstein declaration.]

On November 2, 2005 Plaintiffs provided a privilege log that identified the 3 sets of documents withdrawn from Box 67. The privilege log identified the first document as prepared on July 13, 1999 by Timothy Armistead, Chief of the Division of Investigation for its Office of City Attorney. The recipient of the document was the Chief Trial Deputy of the City Attorneys Office and the Assistant U.S. Attorney investigating the HRC. It is identified as a memorandum summarizing the City Attorneys investigation into the administration of MBE/WBE program. The second document was prepared March 5, 1997 by Robert Janisse, a Senior Investigator for the Office of the City Attorney. The recipients were Timothy Armistead, Chief of the Division of Investigation for the City Attorney as well as the then City Attorney Loiuse Rehne, Esq., Joanne Hoepa, Esq., Chief Trial Deputy, Sandra Teeters, the assistant U.S. Attorney on the case. The document is described as a 7 page memorandum summarizing the City Attorney's investigation for the purpose of litigation on potential wrongdoing in the administration of the

MBE/WBE program.  The third document, prepared on October 28, 1999, consists of a fax cover sheet with attachments sent by Joanne Hoeper, Esq., Chief Trial Deputy to Sandra Teeters, Esq., the Assistant U.S. Attorney.  The fax face sheet and most of the documents attached are dated significantly later than August 2, 1999.

A declaration submitted by Joanne Hoeper, Esq., the Chief Trial Deputy for the Office of the City Attorney was submitted in opposition to Defendant's Motion.[1]  Considering the admissible portions of that declaration, the first two items are summaries of investigations undertaken by the City Attorneys' investigators.  The City was considering legal action against the Scott Company, Scott Norman Mechanical Inc., Norman Plumbing and did file suit on September 21, 1999.  The third group of documents was selected by Ms. Hoeper and sent personally by her to the Assistant U.S. Attorney, Sandra Teeters.  Ms. Hoeper expected that the documents would be kept confidential.

III.   <u>DISCUSSION</u>

The Motion for Production seeks the documents that were seized by the U.S. Attorney pursuant to its subpoena and forthwith subpoena.  It is clear for the evidence that the three groups of documents were not such as to have been documents created and/or retained by the HRC.  The date of the fax of third group is after the service and execution of the warrant of July 30, and August 2nd and 3rd of 1999.  The Special Master finds from the evidence that the three documents are documents that are subject to protection under the work product doctrine.

The Defendants contend that the privilege was waived.  Documents seized from the offices of the HRC pursuant to the subpoena are one issue.  But here, the evidence leads to the

---

[1] The Defendants have objected to substantial portions of the Hoeper declaration.  The objections are ruled on below.

ORDER RE: TUTOR DEFENDANTS MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS IN POSSESSION OF U.S. ATTORNEY
5

conclusion that these documents were delivered by the Chief Trial Deputy to the Assistant U.S. Attorney, with an expectation of privacy by the City Attorney. Waiver of the work product doctrine will be found only where the work product was voluntarily disclosed such that it may become readily accessible to an adversary. (*Samuels v. Mitchell* (N.D. Cal. 1995) 155 F.R.D. 195, 200.) It is clear that the U.S. Attorney had an interest in the information received by the Office of the City Attorney during its investigation of WBE/MBE enterprises. The disclosure to the U.S. Attorney who had an interest in that information would not been seen as a conduit to those entities both agencies were investigating. The conclusion is that Chief Trial Deputy delivered to the U.S. Attorney these documents with an expectation of confidentiality. These documents were not documents that would be expected to reside among the HRC's documents. The Special Master finds that these documents have been inadvertently placed among the documents that had been subject to the subpoenas. The evidence is that the involved attorneys of City Attorney's office did not have the knowledge or the expectation of the existence of the three documents with the subpoenaed HRC documents. The Special Master finds that these documents were not produced to the FBI in response to the forthwith subpoenas.

The Defendants have objected to substantial sections of the Declaration of Joanne Hoeper filed in the City's opposition to the Motion. The Special Master overrules the objections to paragraph 2, page 2; overrules the objections to paragraph 3, page 2; overrules the objections to paragraph 4, page 2; overrules the objections to the first sentence, paragraph 5, (lines 3-5) and sustains the objections to the remainder of the paragraph, (lines 5-8); sustains the objections to the first sentence of paragraph 6 (lines 9-11) and the portion of the second sentence, (lines 11 and 12) stating "…and the other deputy city attorneys involved in the investigation and litigation…" but overrules the objections as to the remainder of the second sentence; the objections are

ORDER RE: TUTOR DEFENDANTS MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS IN POSSESSION OF U.S. ATTORNEY
6

sustained as to the last sentence of paragraph 6 (lines 13-16); the objections to paragraph 7 are sustained except for the last sentence (lines 26-27) and as to such sentence, the objections are overruled; and the objections to paragraph 8 are sustained except for the last sentence (lines 4-5) and as to that sentence the objections are overruled.

The Defendants have lodged objection to portions of the Declaration of Kristine Poplawski filed in opposition. The Special Master sustains the objection to the phrase at paragraph 3, page 2 (line 9); the objection to paragraph 6, page 3 (lines 10-12) are overruled; and the objections to the phrase at paragraph 7, page 3 (lines 15-16) are sustained.

ORDER

The Special Master finds that the subject three documents from Box 67 are protected by the work product doctrine, that the Plaintiffs did not waive the protection to these three documents and that the documents were inadvertently produced. The Tutor Defendants Motion for Order Compelling Production of Documents in Possession of U.S. Attorney's Office That Were Improperly Withheld Based Upon Attorney-Client Privilege and/or the Attorney Work Product doctrine is Denied on the basis of work product.

IT IS SO ORDERED.

January 12, 2005

HON. DANIEL M. HANLON (Ret.)
Special Master

ORDER RE: TUTOR DEFENDANTS MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS IN POSSESSION OF U.S. ATTORNEY
7