Hon. Daniel M. Hanlon (Ret.)
JAMS
Two Embarcadero Center
Suite 1100
San Francisco CA, 94111
Phone 415-982-5267
Fax 415-982-5287

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiffs,<br><br>     v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR,<br><br>          Defendants. | **Case No.  C 02 5286 CW (EMC)**<br>**JAMS Reference No. 1100042979**<br><br><br>**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS WITHHELD BY TUTOR SALIBA AS PRIVILEGED**<br>(Docket No. 819) |

On December 6, 2005, Plaintiffs City and County of San Francisco, et al., (herein "CCSF" or "Plaintiffs") filed their Motion to Compel Production of Documents Improperly Withheld as Privileged.  Defendants Tutor-Saliba Corporation, et al. (herein collectively referred to as "Tutor-Saliba" or "Tutor Defendants"), filed their opposition on December 28, 2005 and CCSF filed its Reply on January 6, 2006.  A hearing was held on January 18, 2006, the Honorable Daniel M. Hanlon (Ret.), Special Master, presiding.

After full consideration of all papers filed and arguments made, the Special Master hereby issues the following order:

## I.      **Overview of Plaintiffs' Motion**

Through its motion, Plaintiffs seek an order compelling the Tutor Defendants to either produce the documents withheld on its eleven privilege logs, or provide revised logs containing information sufficient to justify the assertion of a legitimate attorney-client privilege or work product immunity for each individual document.  The privilege log entries that are the subject of this motion are listed in Attachment "A" to Plaintiffs' Motion to Compel Documents Improperly Withheld by Tutor Defendants as Privileged.

In its motion, CCSF argues as follows:

A. Tutor-Saliba's privilege logs lump multiple documents, and sometimes entire boxes or zip drives of documents, together in single entries and the individual documents contained in the boxes or zip drives are not listed on the privilege log.  The Court should order the Tutor Defendants to prepare a document by document log identifying what has been withheld or produce all of the lumped withheld documents immediately.

B. Tutor defendants improperly use their privilege logs to withhold "massive amounts" of electronic materials which they admit are not privileged, but instead call "non-responsive."   The so-called "non-responsive" documents include (1) Electronic Materials and (2) Hard Copies of documents.

C. Tutor-Saliba improperly withholds documents based on claims of privacy or confidentiality objections when those documents if produced will be protected under the parties' Stipulation and Order re Confidentiality.

D. Entries on the logs lack sufficient information for CCSF to determine if properly withheld as privileged, specifically communications to and from Ms. Nomi Castle who serves both as Tutor-Saliba's attorney and sits on its Board of Directors.

## Discussion

### I.   Meet and Confer

Defendants argue that Plaintiffs have failed to meet and confer as required by Federal Rule of Civil Procedure 37(a)(2)(A) regarding the issues raised by this motion and thus the motion must be denied.  Defendants state that had Plaintiffs properly met and conferred with Defendants, many of the issues raised by this motion could have been resolved.

Federal Rule of Civil Procedure 37(a)(2)(A) states in part that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."   Here, Plaintiffs provide the declaration of Ms. Skaff which cites two letters sent to Defendants wherein Plaintiffs detail the information sought by this motion and offer to discuss the matters raised by the motion with Defendants.  *See* Skaff Declaration, ¶ 4, Exh. L (Letter from attorney Rafal Ofierski dated October 17, 2005 stating "[i]f Tutor Defendants wish to

discuss this matter, Plaintiffs would be happy to do so but no later than October 21, 2005."); and

Skaff Declaration, ¶ 5, Exh. M (Letter from attorney Stephanie Skaff dated December 1, 2005

stating "[w]e will be available on Monday to discuss this issue by phone, to the extent such

discussion is necessary."). Plaintiffs further cite to the meet and confer session held during the

December 13, 2005 hearing on prior motions before the Special Master as well as efforts by the

parties to resolve the issues raised by this motion subsequent to the December 13, 2005 hearing.

*See* Reply Declaration of Stephanie Skaff in Support of Motion to Compel, Exhs. A, B, C and D

(letters between the parties attempting to resolve issues raised by this motion dated December

20, 2005, December 22, 2005, January 3, 2006 and January 5, 2006 respectively).

The Special Master finds that although the efforts to meet and confer primarily post-date

the filing of this motion, they make clear that the parties are unlikely to resolve all the issues

raised by this motion independent of Court intervention.  Accordingly, the Special Master will

rule on the substance of the instant motion.

II.     **"Non-responsive" Documents**

        a.  **Electronic Documents**

In their papers, Defendants state that during their meet and confer session on December

13, 2005, Defendants agreed that in a "reasonable time frame" they would "produce electronic

media that they have not otherwise produced in hard copy and which is not largely duplicative of

electronic media already produced (i.e., backups of servers already produced), that is not

attorney-client privilege or work product. Therefore, this issue is resolved, and no further order is

required." Tutor Defendants' Opposition to Plaintiffs' Motion to Compel at 10:2-5.

After Plaintiffs filed their opening brief in support of the instant motion to compel and

the Tutor Defendants filed their opposition, the Special Master issued an Order re Plaintiffs prior

Motion to Compel, (herein December 27, 2005 Order).  In the December 27, 2005 Order, the

Special Master addressed the Tutor Defendants' withholding and logging of electronic materials

from Box 474, but not other electronic documents.  With regard to Box 474, the December 27,

2005 Order states as follows:

> The Special Master orders that the Tutor Defendants shall re-produce Box 474, which
>
> contains electronic data by January 6, 2006.  The Tutor Defendants shall provide a
>
> privilege log listing any document or data tape withheld on the basis of a privilege or
>
> objection, or shall indicate a document or data tape was/is withheld as non-responsive or
>
> duplicative of documents heretofore produced by the Tutor Defendants in this case.

December 27, 2005 Order Docket No. 847, at 8.

In their Reply, Plaintiffs claim that the instant motion raises other additional issues with

respect to electronic media and asks the Special Master to clarify three issues with respect to the

December 27, 2005 Ruling:  (1) that the requirement of production and logging applies to all

responsive electronic materials, whether or not found in Box 474; (2) that the logging of any

withheld electronic materials must be done on a document basis, rather than "in bulk" for any

single media; and (3) that responsive and non-duplicative electronic media cannot be withheld

solely on a "burden" objection.

**b. Order re Electronic Documents**

(1)  The Tutor Defendant's privilege logs must make a document by document listing of

withheld electronic documents.  As found in prior orders by the Special Master, Ninth Circuit

law and Magistrate Judge Chen's Standing Order require a party withholding material on the

basis of privilege to:

make the claim expressly and shall describe the nature of the documents,

communications, or things not produced or disclosed in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the

applicability of the privilege or protection.

Fed. R. Civ. Proc. 26(b)(5). Judge Chen's Standing Order for Civil Practice in Cases Assigned

for All Purposes to Magistrate Judge Edward M. Chen expressly requires a description for each

withheld communication:

> Privilege logs shall be promptly provided and must be sufficiently detailed and
>
> informative to justify the privilege. *See* Fed.R.Civ.P. 26(b)(5). No generalized claims of
>
> privilege or work product protection shall be permitted. With respect to each
>
> communication for which a claim of privilege or work product is made, the asserting
>
> party must at the time its assertion identify: (a) all persons making and receiving the
>
> privileged or protected communication; (b) the steps taken to ensure the confidentiality of
>
> the communication, including affirmation that no unauthorized persons have received the
>
> communication; (c) the date of the communication; and (d) the subject matter of the
>
> communication.

Standing Order, at § 13 (underline added).

Accordingly, the Tutor Defendants are required to prepare an amended privilege log

entry for each withheld document. The amended logs shall provide sufficient information to

understand the general content of the withheld document, including (a) the attorney and client

involved, (b) the nature of the document, (c) all persons or entities shown on the document to

have received or sent the document, (d) all persons or entities known to have been furnished the

document or informed of its substance, and (e) the date the document was generated, prepared, or dated. *See Dole v. Milonas* (9th Cir. 1989) 889 F.2d 885, 888, n.3; *In re Grand Jury Investigation* (9th Cir. 1992) 974 F.2d 1068, 1071.

(2) The Tutor Defendants may not withhold documents based on the objection that such production is overly burdensome. Because the Defendants have agreed to "produce electronic media that they have not otherwise produced in hard copy and which is not largely duplicative of electronic media already produced (i.e., backups of servers already produced), that is not attorney-client privilege or work product", the Special Master sees no reason why any of the electronic media should be withheld based on a claim that such production is overly burdensome.

(3) The Tutor Defendants need not produce the Box 474 data back-up disc, containing 15 GB of material, if they file a declaration of the person most knowledgeable of the material found on the back-up disc, stating that the material on the back-up disc is duplicative of documents already produced. And parties producing discovery need not produce any duplicative document if the party files a declaration by a person most knowledgeable that media/recorded discs are duplicative.

### c. Hard Copies of Documents

It appears that the Special Master's December 27, 2005 Order addresses production of many of the "hard copy" documents sought by Plaintiffs in this motion including both IT and non-IT Job Cost Reports and scheduling documents. *See* December 27, 2005 Order at 7-9. In addition, in their Opposition Defendants indicate that they have either produced the hard copy documents sought through this request or are in the process of producing the documents. And in their Reply, Plaintiffs state that Defendants have agreed to provide an amended "'document -by-document' privilege log for hard copy documents only that would identify (1) all attorneys

involved in the communication, (2) the specific date of the document at issue, (3) all recipients of the document, and (4) a description of the document sufficient to support the assertion of the privilege." Plaintiffs' Reply in Support of Motion to Compel, filed 1-6-06, at 2:17-20. Plaintiffs request an order from the Special Master requiring the Tutor Defendants to produce this revised log and related supporting material within 10 days of the date of this order.

### d. Order re Hard Copies of Documents

Defendants are already required to comply with the provision of the December 27, 2005 Order. Each hard-copy document withheld from the production based on a claim of privilege or work product shall be listed separately on an amended privilege log. The amended privilege log shall be prepared within 20 days of the date of this order and shall include (1) all attorneys involved in the communication, (2) the specific date of the document at issue, (3) all recipients of the document, and (4) a description of the document sufficient to support the assertion of the privilege.

### III.    Documents withheld based on Claims of Privacy and Confidentiality

Plaintiffs also seek corporate financial records, tax documents, personnel, salary and employment records for employees and other documents withheld by the Tutor Defendants based on confidentiality and privacy objections. Plaintiffs claim that financial records are "critical not only to damages issues, but also to the Tutor Defendants' motive for committing fraud and knowledge of fraud on the projects." Plaintiffs' Motion to Compel Production of Documents at 8:3-5. Plaintiffs also claim the employment files, including information on employment actions and compensation can potentially lead to highly critical admissible evidence of both motivations for committing fraud as well as knowledge of fraud. *Id.* at 8:5-9. Plaintiffs argue that to the extent the Tutor Defendants have legitimate confidentiality or privacy concerns related to these

documents, the documents may be designated confidential under the parties' Stipulation and Order re Confidentiality, dated October 17, 2003, and signed by Judge Chen, on October 22, 2003, and thus protected from disclosure.

Defendants do not respond to Plaintiffs' argument regarding the parties Stipulation and Order re Confidentiality, but argue as they did in opposition to Plaintiffs' prior Motion to Compel that under the parties' June 7, 2004 Stipulation and Order, they need not produce financial records or employee personnel files.

As previously found by the Special Master in the December 27, 2005 Order, the parties' June 7, 2004 Stipulation and Order does not preclude Plaintiffs from subsequently seeking production of documents omitted from earlier phases of the rolling discovery. In the December 27, 2005 Order, the Special Master found that Defendant must produce all non-privileged documents listed its Early Meeting Disclosures and that if the Tutor Defendants believed that any documents listed on their initial disclosure were not relevant to the claims or defenses in this case and should not be produced, they should provide an amended disclosure that specifically identifies such documents. December 27, 2005 Order at 6.

The parties' Stipulation and Order of Confidentiality defines "Confidential Material(s)" as "Discovery Materials which have been designated as 'confidential' and that a) qualify for protection under the standards developed under F.R.Civ.P 26(c)(7) or that:  b) qualify for protection as 'trade secrets' pursuant to California or Federal law; or c) represent(s) a Party's non-public financial information." Reply Declaration of Stephanie Skaff in Support of Plaintiffs' Motion to Compel, Ex. E, ¶ 2 d.  Under paragraph 5 of the Stipulation and Order of Confidentiality, a party or non-party may designate confidential material(s) and such designated

confidential material(s) may only be disclosed in the context of the present litigation as described in paragraph 7.2 of the Stipulation and Order. *Id.* at ¶ 7.2.

The parties' Stipulation and Order re Confidentiality expressly governs the corporate financial documents withheld as private or confidential and sought by Plaintiffs through this motion. Stipulation and Order of Confidentiality, ¶ 2. It is not clear, however, that it governs all employment records withheld by the Tutor Defendants based on claims of privacy and confidentiality.

It is hereby ordered that any documents sought through this motion which the Tutor Defendants have withheld based on claims of privacy and confidentiality shall be subject to the protections and provisions of the parties' Stipulation and Order of Confidentiality, entered October 22, 2003. The Tutor Defendants shall produce the documents previously withheld based on claims of privacy, trade secrets privilege and confidentiality[1] if those documents not subject to some other valid objection. The documents produced may be designated "confidential material(s)" and thus protected from disclosure under the terms of the parties' Stipulation and Order re Confidentiality. As suggested by the Plaintiffs, the Tutor Defendants may redact highly sensitive personal information from the documents produced here, including personal medical information and bank account numbers.

**IV.    Sufficiency of Log Entries Involving Communications by Ms. Nomi Castle**

Defendants have agreed to provide additional facts to support their claims of privilege and addressing Ms. Castle's temporary appointment to Tutor Saliba's Corporations' Board of Directors. Tutor Defendants' Opposition to Plaintiffs' Motion to Compel at 12:5-8.

As discussed at the hearing on January 18, 2006, Defendants shall provide these additional facts in a Declaration by Ms. Castle within 30 days of the date of this order.

IT IS SO ORDERED.

January **23**, 2006

*Daniel M. Hanlon*

HON. DANIEL M. HANLON (Ret.)
Special Master

---

[1] This includes the documents identified on Defendants' Privilege Logs attached as Exhibits A, B, C, D, F, G, I, J, and K to the Declaration of Stephanie Powers Skaff in Support of Plaintiffs' Motion to Compel.

ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD BY TUTOR SALIBA AS PRIVILEGED

11