Hon. Daniel M. Hanlon (Ret.)
JAMS
Two Embarcadero Center
Suite 1100
San Francisco CA, 94111
Phone 415-982-5267
Fax 415-982-5287

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR,<br><br>Defendants. | Case No. C 02 5286 CW (EMC)<br>JAMS Reference No. 1100042979<br><br>**ORDER DENYING TUTOR-SALIBA'S MOTION TO COMPEL PLAINTIFFS' COMPLIANCE WITH DISCOVERY ORDERS (DOCKET ORDERS 736 AND 824 RESPECTIVELY)**<br><br>(Docket No. 854) |

Defendants Tutor-Saliba Corporation, et al. bring this Motion to Compel Plaintiffs Compliance with September 8, 2005 and November 22, 2005 Orders. Plaintiffs filed an opposition to the Motion and the matter was heard by the Special Master on conference call on January 24, 2005. After full consideration of all the papers filed and arguments made, the Special Master hereby issues the following order.

## I.  OVERVIEW OF DEFENDANT'S MOTION

Through the instant motion, Defendants seek a further order compelling Plaintiffs to comply with the Special Master's Orders dated November 22, 2005 and September 8, 2005. The Defendants contend that the Plaintiffs have failed to explain why statements and claims set forth in the Plaintiffs' False Claim Chart are false with as much specificity as is available. They seek the response for entries on said chart #170, 175, 179, 184, 188, 193, 197, 202, 206, 211, 224, 229, and 223. They seek specifically to have Plaintiffs describe with further detail why Change Order 230 on the Contract 5500E is a false claim.

Plaintiffs respond that they have fully complied with the November 22, 2005 Order. They contend that the "why false" information for each relevant entry specifies Plaintiffs' allegations with respect to that entry, including the scheduling documents and the scheduling data Plaintiffs allege was either never submitted, submitted late, non-compliant, or manipulated.

## II  DISCUSSION

The Special Master has reviewed the responses at issue in this Motion. The False Claim Schedule has been the subject of various motions and resulted in two separate orders by the Special Master. A review of Plaintiffs' Schedule, as amended, reveals sufficient information to

comprehend the essence of the claim in each instance such as a false claim or false certification of required information under the contracts. The Special Master finds that there are sufficient allegations of conduct that leads to specific false claims to warrant a response from the defendants. The time has come to move this issue forward and let it be tested by whatever Motions may be deemed appropriate.

## II.   ORDER

Defendants Tutor-Saliba's Motion to Compel Compliance with September 8, 2005 and November 22, 2005 Discovery Orders is DENIED.

**IT IS SO ORDERED.**

February 7, 2006

_____
HON. DANIEL M. HANLON (Ret.)
Special Master