Hon. Daniel M. Hanlon (Ret.)
JAMS
Two Embarcadero Center
Suite 1100
San Francisco CA, 94111
Phone 415-982-5267
Fax 415-982-5287

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiffs,<br><br>  v.<br><br>TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation; and RONALD N. TUTOR,<br><br>    Defendants. | Case No. C 02 5286 CW (EMC)<br>JAMS Reference No. 1100042979<br><br><br><br><br>**ORDER REGARDING PLAINTIFFS' OBJECTIONS TO PROPOSED EARLY MOTIONS FOR SUMMARY JUDGMENT OF DEFENDANTS TUTOR-SALIBA AND THE SURETY DEFENDANTS** |

On January 23rd, 2006 Plaintiffs filed their Objections to Proposed Early Motions for Summary Judgment of the Tutor Defendants and the Surety Defendants. Defendants Tutor-Saliba filed their Response to Plaintiffs Objections on January 27, 2006 and the Surety Defendants filed their response to Plaintiffs Objections on January 26, 2006. The Plaintiffs filed their reply on February 3, 2006. A telephonic hearing was held on February 7, 2006, the Hon. Daniel M. Hanlon (Ret.), Special Master, presiding. Karen P. Kimmey, Esq. and Kristine Poplanski, Esq. appeared for Plaintiffs City and County of San Francisco. David Romyn, Esq. and Robert Nida, Esq. appeared for the Tutor Defendants. David Veis, Esq. and Edward Makamoto, Esq. appeared for the Surety Defendants.

After full consideration of all papers and declarations filed and arguments made, the Special Master hereby issues the following order:

I.   **OVERVIEW OF PLAINTIFFS' OBJECTIONS**

On September 23, 2005 the Judge presiding over the above entitled case, the Honorable Claudia Wilken, held a trial setting conference. At the hearing, Judge Wilken agreed to permit hearing on two sets of summary judgment motions. The first set of motions would relate to motions for which little, if any, discovery would be required. The order was made at the insistence of the Surety Defendants who asked to address "very specific surety issues." The Judge recommended a process whereby the defendants, both Tutor and Surety, would set forth in letter form to the Plaintiffs the issues they plan to raise by the motions and why Defendants believes that the parties won't need more discovery. The Judge then ordered that if the parties could not reach an agreement as to whether or not issue was ripe for an early motion, they should have a discovery conference with the Special Master about what discovery would need

to be accomplished. The Judge then ordered that the Special Master determine whether it would be efficient to have these motions briefed early. The parties did not request a discovery conference as such but the Plaintiffs raised the issue by filing Objections to the Motion for Summary Judgment, then setting up the briefing and hearing.

The Plaintiffs contend by their objections that each of the identified issues proffered by both the Tutor defendants and the surety defendants involved numerous disputed factual issues. Each of the disputed factual issues, Plaintiffs contend, require further discovery.

The Tutor defendants wrote a letter on January 17, 2006 pursuant to the Judge's Order that they would seek Summary Judgment/Summary Adjudication on the following issues: 1) Plaintiffs' claims for relief arising out of the Tutor defendants' alleged "double billing" are barred by the applicable statute of limitations. Tutor defendants contend that the indisputable facts demonstrate that the Tutor defendants did not make false representation of material fact and that the proposals for pricing of change orders were made openly without misrepresentation and that Plaintiff made payments fully aware of the facts; 2) Tutor Defendants contend that the claim relating to Tutor Defendants' alleged misrepresentation of their good faith efforts to comply with the MBE/WBE program; 3) Tutor Defendants contend that the false certification and false representation claims are time barred under the applicable statute of limitations; and 4) that Defendant Ronald Tutor contends that there is no evidence to establish that Ronald Tutor violated the RICO statutes.

The Surety Defendants wrote their letter to Plaintiffs on October 6, 2005 setting forth three issues upon which they would move for summary judgment/summary adjudication. These issues are:

1. The Plaintiff City and County's failure to satisfy conditions precedent set forth in the bonds operates to preclude the sureties obligations under the bonds;

2. The second issue proposed by the Surety Defendants was removed from consideration by their letter of January 18, 2006;

3. The Surety Defendants contend that it can be established that the Sureties did not participate in the commission of false claims or fraud and that there was no personal participation and therefore they are not liable and;

4. The Surety Defendants contend they cannot be liable for punitive damages. They urge that liability for punitive and statutory penalties remain with the bond's principal, the Tutor Defendants.

## II. DISCUSSION

It is clear that the Court allowed for two sets of Motions for Summary Judgment, as an exception to the Court's standing order of one hearing on such motions. It was understood that the first hearing would be for those issues for which little or no discovery was necessary and would, in effect, settle issues that could be determined as a matter of law. It appears to the Special Master that the Court envisioned a somewhat informal discovery conference if the parties could not agree on the distinct issues to be summarily adjudicated wherein the issues would be discussed and the Special Master would assist the parties in forming the distinct issues that could be adjudicated by any such motion. This conference was not requested.

The Surety Defendants' letter of October 6, 2005 set forth their distinct issues. The Plaintiffs answered the Surety Defendants' letter on January 17, 2006 without regard to a discussion of any proposed discovery on the distinct issues. The letter set forth their objection

to the early determination of the proposed issues. A week later Plaintiffs filed their formal objections with the Special Master.

The Tutor Defendants wrote their letter to Plaintiffs on January 17, 2006 outlining the four issues upon which they would seek early summary judgment/summary adjudication. This letter was answered by Plaintiffs' January 17, 2006 letter indicating that the attorneys for Plaintiffs would require opportunity for more discovery. A letter from Plaintiffs on January 18, 2006 indicated they would be available to meet and confer on January 20, 2006. The result was that Plaintiffs thereafter formally filed their objections to the Surety Defendants proposal with the Special Master.

It is evident that the Court understood that distinct issues of law, with minimal factual investigation, could be adjudicated early and, therefore, made the Order for two hearings accordingly.

1. <u>The Topics Proposed by the Tutor Defendants</u>

    a. A Determination Whether the Overhead Double Billing False Claims are Time Barred.

The determination for the Statute of Limitations for a violation of the False Claim Act is whether the government official charged with the responsibility to act in the circumstances discovers or should have discovered the alleged false claim within three years. (Government Code 12654). An action in fraud commences when this plaintiff discovers or should have discovered the facts constituting the fraud. (Code of Civil Procedure § 338(d)). In making their argument, the Tutor Defendants make factual assumptions about Plaintiffs' principals and agents' knowledge and intent. The Special Master finds that it has not been established that a

complete factual base has been established and that no further discovery is required. The Special Master is persuaded that who knew what and when is subject to future discovery.

b. A Determination Whether the False Certification Claims and False Representation Claims are Time Barred.

Special Master finds that on this issue, the Tutor Defendants again make factual assumptions about what administrators "would have known" and that Airport officials and staff "would have been aware" of certain failures. Therefore, the Special Master finds that continuing discovery currently underway including, but not limited to depositions, is necessary to allow these issues to be factually established. The determination of whether Plaintiffs' claims of fraud, FCA liability, and UCL are time barred may be subject to summary adjudication at the regularly scheduled motion hearings but are not ripe for determination at the early motion for summary adjudication. The Special Master finds that the Tutor Defendants articulated an established factual basis that would justify a motion for summary adjudication on the issue of whether the RICO claims are time barred.

c. A Determination of whether the Allegations of Fraud in the Inducement are Barred as Matter of Law.

The Plaintiffs contend that the Tutor Defendants induced Plaintiffs to award contracts to them by making misrepresentations about their compliance with the City and County's minority outreach program and that the Tutor Defendants made misrepresentations MBE/WBE companies proposed and/or hired. The Tutor Defendants contend that these alleged misrepresentations were legally immaterial to Plaintiffs' award decision. They also contend that under the bid evaluation rules the Plaintiffs could not consider the character of MBE

subcontractors in evaluating the Defendants "good faith efforts" to obtain the bids from qualified minority sub-contractors. This issue was considered by the Court in denying a 12(b)(6) Motion. The Special Master finds that further discovery should proceed on this issue and that it is not ripe for early determination.

          d. Whether Plaintiffs May Seek a False Claim Penalty for Each False Statement Submitted in Support of a False Claim.

The Plaintiffs contend that this issue is best determined by the Court, at the conclusion of the trial, at the time penalties are being assessed. The Tutor Defendants contend that the number of False Claim Act violations and imposable penalties is generally limited to the number of false payment demands the contractor made on the government.

The Special Master finds that this is an issue which can be determined early in the proceedings without further extensive discovery. It appears to be ripe and Plaintiffs have not demonstrated the need for any further discovery in this issue.

    2.    <u>The Topics Proposed by the Surety Defendants</u>

The Surety Defendants originally proposed four topics for summary judgment but removed one topic during the meet and confer process.

          a. A Determination Whether the Surety Bonds Are Exonerated Due to Plaintiffs' Alleged Failure to Satisfy the Conditions Precedent.

The Surety Defendants contend that the Plaintiffs' Tenth Claim for Relief is without merit. It is contended that the Plaintiffs failed to satisfy express conditions precedent contained in the Sureties' performance bonds. The Bonds provide that the Sureties' obligations under the Bonds arise after the Airport Commission had declared a Contractor in default under the

contract pursuant to its terms and said Commission has agreed to pay the balance of the contract price to the surety or to a contractor selected to perform the construction contract. And finally, if the Surety does not proceed to perform its obligations under the bond, the Surety shall be deemed in default on the Bond 10 days after receipt of additional written notice from the Airport Commission.

The Surety Defendants claim that there are no disputed issues of material facts as to whether the conditions precedent were satisfied and that on such a finding is supported by Federal case decisions.

The Plaintiffs object and contend in essence that they were excused from the conditions precedent because at the time the Tutor Defendants' breaches were discovered, any additional notice would have been futile because there was no way for the Sureties to cure the default other than to pay the amount of the false claims. The Plaintiffs further contend that the Sureties knew of the default and that the Sureties were not prejudice by Plaintiffs' failure to provide notice. The Plaintiffs also excuse their failure to conduct discovery on these issues after receiving notice on October 7, 2005 due to the right Plaintiffs have to prioritize discovery as they deem appropriate.

The Special Master finds that a summary adjudication of a condition precedent clause in a contract is one that should be subject to early determination. While it is true that Plaintiffs may prioritize their discovery as they wish, it is also clear, under the Court's order, Plaintiffs have had opportunity to conduct discovery. It is noted that the essence of the Surety Defendants' Motion has been known to Plaintiffs since it was previously filed. Therefore, the

Special Master finds that the issue may be brought by Motion and the Plaintiffs' Objection is over-ruled.

        b. **A Determination that, as a Matter of Law, the Sureties' Bonds are Not Liable for Statutory Penalties or Punitive Damages.**

The Surety Defendants contend that while a Bond's principal (a contractor) may incur liability for punitive damages and statutory damages arising from the principal's wrongful conduct, the surety bond and the surety itself are not liable for the damages and penalties.

Plaintiffs contend that they need additional discovery to determine whether the Sureties participated in, assisted in or benefited from the alleged fraud of the principal. The Plaintiffs make this factual assumption without positing any indicia of discoverable evidence.

Based on the derivative nature of the Sureties' liability, the Special Master finds that this issue is ripe for a determination one way or the other by Summary Adjudication.

        c. **A Determination that the Sureties are Not Liable for the Tutor Defendants Alleged Fraud Because Plaintiffs Admit there is No Evidence the Sureties Participated In, Assisted In, Or Benefited from the Alleged Fraud.**

The Surety Defendants contend that in response to the Sureties written discovery, the Plaintiffs expressly admit they are not aware of any act or representation attributable to the Sureties which constitute a violation of the "False Claims Act," "Unfair Competition Law" or common law fraud.

The Plaintiffs contend that the admissions to the Surety Defendants written discovery was made on October 12, 2004 and that their admission was only made as of the date of those

responses. They had noted in discovery responses that that they were not yet in possession of facts demonstrating participation and indicated they required further discovery.

The Plaintiffs make no further specific offer to produce evidence that would change their admission to a denial. Therefore, the Special Master finds that the issue may be ripe for summary adjudication unless the Plaintiffs' in their affidavits under Federal Rule of Civil Procedure 56(f) can demonstrate the reasonable likelihood that there is discoverable evidence of the Sureties' participation in or their benefit from the alleged fraud.

### III.  ORDER

1.  The Plaintiffs' Objection to the Tutor Defendants proposed issue for early summary adjudication as to whether the overhead double billing false claims are time barred is SUSTAINED.

2.  The Plaintiffs' Objection to the Tutor Defendants proposed issue for early summary adjudication as to whether the False Certification Claims and False Representation Claims are time barred is SUSTAINED except as to an early determination of whether the RICO claims are time barred is OVERRULED.

3.  The Plaintiffs' Objections to the Tutor Defendants proposed issue for early summary adjudication of whether the allegation of fraud in the inducement are barred as a matter of law are SUSTAINED.

4.  The Plaintiffs' Objections to the Tutor Defendants proposed issue for early summary adjudications of whether Plaintiffs may seek a false claim penalty for each false statement submitted in support of a false claim is OVERRULED.

5. The Plaintiffs Objections to the Surety Defendants proposed issue for summary adjudication of whether the surety bonds are exonerated due to Plaintiffs alleged failure to satisfy the conditions precedent is <u>OVERRULED</u>.

6. The Plaintiffs' Objections to the Surety Defendants proposed determination that, as a matter of law, the Sureties' bonds are not liable for statutory penalties or punitive damages are <u>OVERRULED</u>.

7. The Plaintiffs objections to the Surety Defendants proposed determination that the Sureties are not liable for the Tutor Defendants' alleged fraud because Plaintiffs admit that there is no evidence that the Sureties participated in, assisted in or benefits from the alleged fraud is <u>OVERRULED</u>.

**IT IS SO ORDERED.**

February 10, 2006

HON. DANIEL M. HANLON (Ret.)
Special Master